## B. K. HOUGH AND ANOTHER v. B. F. HAMMOND AND ANOTHER.

1. Subsequent to the term at which a judgment has been rendered by a District Court, a new trial may be granted on equitable grounds, provided the applicant shows sufficient matter to have entitled him to a new trial at the term, and also shows sufficient legal excuse for not having made the application during the term. This rule, however, has exclusive reference to the parties to the original suit, and not to third persons who may be affected by the original judgment.

2. If, without notice to a landlord, judgment in trespass to try title be recovered against his tenant, it is competent for the landlord, even after the term, upon sufficient allegations, supported by affidavits, to have the judgment against his tenant set aside and himself admitted to defend the suit upon a new trial.

3. Though fictitious proceedings in suits for land have been abolished in this State, yet the principles of law applicable to actions of ejectment are nevertheless the rules of action and construction for our courts, in suits of trespass to try title.

Error from Robertson.

The record of this case is very voluminous, comprising numerous exhibits and affidavits filed with the pleadings of both parties.

It appears that on the 25th of March, 1869, the present defendants in error instituted trespass to try title against one Nash and a number of other persons, who were occupying the land as tenants of Hough and Connoly, the plaintiffs in error, who reside in Massachusetts and New York. Four days after the bringing of that suit, it appears that these tenants assembled at a store and accepted service of the citations. No notice of the suit was communicated to the landlords, and on the 16th of April, 1869, judgment against the tenants was rendered in favor of the present defendants in error.

· The present action was commenced by the landlords, Hough and Connoly, on the 4th of December, 1869. So far as is necessary to a clear understanding of the rulings made by this court, the facts are sufficiently indicated above and in the opinion.

*Hancock & West*, and *H. D. Prendergast*, for the plaintiffs in error.

*Moore & Shelley*, and *W. H. Hamman*, for the defendants in error.

Ogden, J. This is an appeal from the rulings or judgment of the District Court, upon a petition to set aside a judgment rendered at a former term of the court, and to grant a new trial upon the merits of the case. The petition was accompanied by affidavits to establish the truth of the allegations made, and upon which the judgment of the court was sought. An answer was filed, denying many of the allegations in the petition, to which were attached counter affidavits. Upon the petition and answer, together with the several affidavits, the judgment of the court was sought by both plaintiff and defendant, and was finally

rendered in favor of the defendant; and the plaintiff has appealed, and brought up to this court all the proceedings of the lower court, as certified by the clerk. If, then, this record contains all the proceedings in the case, it contains a statement of all the facts necessary to the adjudication of the case, or rather, of all the facts that were before the District Court whose judgment is sought to be revised.

The question now presented for decision is not the merits of the original suit complained of, but whether the appellant has presented in his petition below such equitable grounds for relief, which are admitted to be true or have been established by affidavits, as would entitle him to a re-hearing on the merits of the original suit. The petition is analogous to a motion for a new trial in term, and the proceedings had thereunder are the same or very similar; and we are unable to appreciate the objection made to the record because of the want of a statement of facts. It has been repeatedly decided by this court that a new trial may be granted after term, upon equitable grounds, provided the party applying " shows sufficient matter to have entitled " him to a new trial if applied for at the term, and a sufficient " legal excuse for not having then made application." (Goss v. McClaren, 17 Texas, 120; Cook v. De la Garza, 13 Texas, 432.) These decisions are too generally recognized as founded in law and equity to require further argument or citations of authorities in their support, and the rule there enunciated has become a law in this State, but this rule has exclusive reference to the parties to the original suit, and not to third parties, or persons not parties to the suit, who may have been affected by the judgment sought to be set aside.

In the record before us, landlords whose tenants had been sued by a third party, and by the judgment of the court dispossessed of their tenements, now seek to have that judgment set aside, and a new trial awarded, with permission to them to defend their own title, and protect the interests of their tenants. Our statute, Article 5296, Paschal's Digest, provides that: " When a tenant is sued for lands of which he is in possession,

"the real owner, or his agent or attorney, may enter himself "on the proceedings as the defendant in the suit, and shall be "entitled to make such defense as if· he had been the original "defendant." Had the appellants made themselves parties in the original suit, there would then be no question of their right, under the rule in Cook *v*. De la Garza, to come in, after term, with a bill of review or petition for a new trial. They, however, had no notice, either actual or constructive, of the pendency of that suit, in which their rights were to be mainly affected; and were therefore in effect denied the right guaranteed to them by the statute, and in consequence were greatly damaged, without any fault of theirs, or power to protect their interest. We can hardly imagine that the legislative mind · contemplated any such effect from the statute for the trial of the right of property. In England and most of the American States, where the action of ejectment is retained, the right of the landlord to come in and defend a suit brought against his tenant, is secured by express statute; and in many of the States this right of the landlord or real owner is recognized by statute, or judicial decisions, as existing after judgment against the tenant, where, through collusion, fraud, or otherwise, the landlord had not been notified of the suit pending against his tenant. (Tyler on Ejectment, 451; Adams on Ejectment, 252.) And it is said that in this country it is a common practice for the court, after a judgment by default against the casual ejector, to permit the landlord to appear and defend the ejectment. (Tyler on Ejectment, 452.) This certainly is a most equitable and just rule, and in many cases would prevent irreparable evils, which would otherwise occur in actions of ejectment.

In our State all fictitious proceedings in the action of ejectment are abolished, but the principles of equity and justice which were administered under that form of action are nevertheless the rules of action and construction for our courts, and we think the rule which allowed the landlord who, through collusion, fraud, or otherwise, had had no notice of the pendency of a suit against his tenant, to come in within a reasonable

time after judgment, and have the cause reopened, that the real merits of the suit may be investigated and determined, an eminently just and equitable rule, and one which the spirit, if not the letter, of our statute fully recognizes, when it declares that the real owner, his agent or attorney, *may* enter himself on the proceedings, and *shall be* entitled to make such defense as if he had been the original defendant. We think the appellants in this cause, by their petition and affidavits, placed themselves within the letter and spirit of this rule, and therefore had a right to have the judgment complained of set aside, and a new trial granted, that they might avail themselves of the right guaranteed by the statute.

The judgment of the District Court is therefore reversed, and the cause remanded, with instructions that a new trial in the original suit of Hammond and Hamman *v.* Nash *et al.* be awarded.

Reversed and remanded.