## WILLIAM JACKSON v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

### Decided December 23, 1899.

**1. Evidence—Exclamations of Pain.**

In an action for personal injuries a witness may testify to having heard groans and exclamations of pain from plaintiff such as were apparently the natural and spontaneous expression of present suffering, though they were uttered after suit filed. Railway v. Kuehn, 2 Texas Civil Appeals, 210, distinguished.

**2. Same—Rebuttal Evidence.**

Plaintiff having sought to show that on a visit by the witnesses to the office of defendant's attorney an attempt was there made to have them all "line up" with another witness, it was proper for defendant, on redirect examination, to show just what occurred there in order to rebut the impression thus sought to be created.

**3. Charge of Court Assuming Negligence.**

A charge that plaintiff would be entitled to a verdict unless his own negligence contributed to the injury, is objectionable, it seems, as assuming that he was guilty of negligence.

**4. Master and Servant—Ordinary Care.**

A servant was not bound to use ordinary care to discover the increased danger resulting from acts of the foreman under whom he was working and of which the servant had no knowledge, since he could assume that the foreman would do his duty.

APPEAL from Dallas. Tried below before Hon. RICHARD MORGAN.

*Parks & Carden,* for appellant.

*Alexander, Clark & Thompson,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This was an action brought by William Jackson, plaintiff below, against the Missouri, Kansas and Texas Railway Company of Texas, defendant below, to recover damages for personal injuries alleged to have been received by him through the negligence of the defendant while working in a sand pit under one Homer Wright, who was defendant's vice-principal, and in which action judgment was rendered for the defendant. The plaintiff alleged that the bank

of a pit in which he was engaged at work for the defendant, caved in and fell upon him and permanently injured him; that he was inexperienced in the work he was doing at the time he received the injury, and that he did not know of the dangerous condition of the bank prior to the accident. The defendant pleaded contributory negligence on the part of the plaintiff, and further pleaded that the thing that caused the accident and damage to the plaintiff was one of the ordinary risks of the plaintiff's employment, and that plaintiff was inexperienced in the work. A trial resulted in a verdict for defendant. The plaintiff filed a motion for a new trial, which was overruled by the court, to which the plaintiff excepted, gave notice of appeal, and has perfected his appeal to this court.

Appellant's second assignment of error complains of the ruling of the court in sustaining defendant's exceptions to the testimony of the witness Joe Turner, by whom plaintiff offered to prove that he, plaintiff, occupied a room at the house of the witness Turner from the day plaintiff was injured up to the trial, and that plaintiff's room was directly over that of the witness, and that during the night and after plaintiff had retired to his bed witness often heard plaintiff groan and complain of his back hurting him and of pain from his other injuries; and that these groans and pains continued night after night. Our courts have held such exclamations admissible in evidence to show the bodily and mental feelings of the person injured. Railway v. Shaffer, 54 Texas, 641; Newman v. Dodson, 61 Texas, 91. Whether such exclamations are admissible, if made after suit is begun, or when suit is contemplated, does not seem to have been directly decided by the courts of last resort of this State. In the case of Railway v. Barron, 78 Texas, 424, Chief Justice Stayton, speaking for the court, in reference to the time exclamations are made, says: "We think the evidence was properly admitted, and that the time that may have elapsed between the injury and the declaration is not of much importance in an injury of this character." Mr. Greenleaf, in his valuable work on Evidence, in discussing this question states, in effect, that the mere fact that a suit is pending would not exclude the testimony. 1 Greenl. Ev., 16 ed., sec. 162b.

The testimony was admissible as tending to show the bodily condition of plaintiff at the time he made use of the expressions. It was for the jury to determine whether such expressions were real or feigned.

Appellant's third assignment of error complains of the action of the court in admitting the testimony of Homer Wright to show what took place in the office of defendant's attorneys upon the occasion of the witness' visit there to give an account as to how the accident occurred. The plaintiff's counsel had endeavored to show by the witness on cross-examination that on the occasion of the visit of the witness, with the other witnesses, to the office of the attorneys for the defendant, an attempt was there made to have all the witnesses corroborate the testimony of the foreman and to "line up with him."

The defendant, on redirect examination of the witness, was permitted to show what did actually occur on said occasion. This defendant had

the right to do in order to rebut the impressions sought to be created by the plaintiff.

Appellant's fourth assignment of error complains of the following charge of the court: "But if the danger ordinarily incident to such work was increased by the foreman, Homer Wright, having loosened dirt which fell on plaintiff, and the plaintiff did not know of such increased danger and could not have known thereof by the use of ordinary care, then plaintiff would be entitled to a verdict against defendant, unless plaintiff's own negligence contributed to the injury." This charge made it the duty of the plaintiff to use ordinary care to discover the increased danger resulting from an act of defendant's foreman. This was error. The plaintiff was not bound to use diligence to discover such increased danger. He had the right to assume that the foreman would do his duty, and unless he knew of the failure of the foreman in this respect, or in the ordinary discharge of his duty must have acquired the knowledge, he would not be prevented from recovering by reason of such negligence of the foreman. Railway v. Hannig, 91 Texas, 247; Railway v. Eberhart, 43 S. W. Rep., 510.

Again, it would seem that this charge is subject to the criticism that it assumed the plaintiff was guilty of negligence.

Appellant's sixth assignment of error complains of the following charge: "You are therefore instructed that if you find from a preponderance of testimony before you that the natural and ordinary danger of said sand bank caving in was increased by any act of the defendant's foreman, Homer Wright, and that plaintiff did not know of such increased danger, if any, and could not have known thereof by the use of ordinary care, then you will return a verdict for plaintiff, unless you further find from a preponderance of the testimony before you that the plaintiff failed to use such care and diligence to avoid the injury as a person of ordinary prudence would ordinarily have used under similar circumstances, and that such failure on his part to use such care and diligence contributed to his being injured."

This charge is erroneous for the reasons above set forth for sustaining appellant's fourth assignment of error. As there stated, plaintiff did not assume the risk of danger resulting from the act of the foreman in loosening the dirt, unless he had knowledge thereof, or in the ordinary exercise of his duties must have acquired such knowledge. Railway v. Hannig, supra.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

Appellee has filed a motion for rehearing in which it is strenuously insisted that this court erred in sustaining the appellant's second assign-

ment of error and holding the exclamations of pain by plaintiff, made after the institution of suit, admissible as tending to show his bodily and mental feeling at the time they were made. We have carefully considered the motion, and adhere to the opinion that the exclamations of plaintiff made under the circumstances shown by the record were admissible. They were not called forth by any conversation between the plaintiff and witness, or any other person. The exclamations and groans seem to have been the natural and spontaneous utterance of the plaintiff as the result of present pain. There is nothing in the record to show that they were designed on his part. Such exclamations are competent testimony. Rogers v. Cain, 30 Texas, 284; Wheeler v. Railway, 91 Texas, 356; 2 Jones on Ev., sec. 352, and notes; Fay v. Harlan, 128 Mass., 244; Hagenlocher v. Railway, 99 N. Y., 136.

Exclamations of this character are regarded as verbal acts, and when made under the circumstances shown in this case, are admissible, although made after suit is contemplated or actually begun. Jones on Ev., sec, 352, and note 11; Railway v. Newell, 104 Ind., 264, 54 Am. Rep., 312; Quaife v. Railway, 48 Wis., 513.

It is also contended that our holding in reference to the admissibility of these exclamations conflicts with the opinion of Mr. Justice Collard in the case of Railway v. Kuehn, 2 Texas Civil Appeals, 210. If this contention is true, then it becomes our duty to certify this question to the Supreme Court for its opinion. Gen. Laws 26th Leg. (1899), p. 170.

The testimony under consideration in the Kuehn case was that of a third party, who testified that "Kuehn complained of his wounds from the time of the collision up to the time of trial."

This testimony was but a declaration or complaint on the part of Kuehn that he suffered pain. It was not that he screamed or groaned or gave other manifestations of seemingly involuntary nature indicating bodily suffering. The distinctions between complaints and declarations as passed upon in the Kuehn case and exclamations of the character under consideration is clearly recognized. Roche v. Railway, 105 N. Y., 296.

We do not think there is any real conflict in our opinion in this case and the opinion in the Kuehn case. We have carefully examined the other grounds set forth in the motion for rehearing and see no reason to change our ruling. The motion is overruled.

*Overruled.*