GULF, C. & S. F. RY. CO. v. SULLIVAN.
(No. 8191.)

(Court of Civil Appeals of Texas. Ft. Worth. May 8, 1915.)

1. EVIDENCE ⨺116 — ADMISSIBILITY — EXPLANATORY MATTERS — "RELEVANT TESTIMONY"—"COMPETENT EVIDENCE."

Where a witness for the defense on a second trial testified to a material fact contrary to the plaintiff, and to weaken such testimony plaintiff in rebuttal introduced the witness' answer to a cross-interrogatory, showing that at a former trial he had been present, but was not used as a witness, and the defendant offered to prove that on the former trial the court had indicated its purpose to submit the case only upon an issue that rendered the witness' testimony immaterial, such tendered proof should have been received as tending to rebut the inference that the witness' testimony on the second trial was untrue, given with a view of supplying necessary evidence, since to be "relevant" testimony need not necessarily have direct relation to the principal issue, but is "competent" if it tends to explain or increase the probability or improbability of relevant facts to support his testimony, and any circumstance tending to explain un-

favorable testimony elicited on cross-examination is always competent, and not within the discretion of the court to exclude.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 134, 135; Dec. Dig. ⨺116.

For other definitions, see Words and Phrases, First and Second Series, Competent Evidence; Relevant.]

2. EVIDENCE ⨺116—EXPLANATORY MATTERS.

Where the failure of a witness to testify on a former trial arose by reason of facts not within his knowledge, evidence explanatory of his failure to testify on the former trial, thereby rebutting the inference that his testimony on the second trial was untrue, could be supplied by competent evidence other than his own testimony.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 134, 135; Dec. Dig. ⨺116.]

3. TRIAL ⨺119—CONDUCT OF COUNSEL—ARGUMENT—PROPRIETY.

In an action against a railroad for personal injuries, where the evidence was undisputed that the plaintiff was wholly dependent upon his parents, and always had been and always would be afflicted in body and mind, and without earning capacity, and where there was no prayer in plaintiff's petition for damages except for physical and mental anguish, and the court in the charge submitted no other element of damages, the argument of plaintiff's counsel in closing that the jury in awarding damages "should give plaintiff such a sum as will provide for him and furnish enough interest to take care of him" was improper as a direct appeal to award compensation for an element of damages unwarranted by pleading, proof, or charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 284; Dec. Dig. ⨺119.]

4. TRIAL ⨺122—CONDUCT OF COUNSEL—ARGUMENT — PROPRIETY — FAILURE TO CALL WITNESS.

In an action against a railroad for personal injuries, where a constable of the precinct in which the accident occurred as an officer of the county had served subpœnas for defendant, the argument of plaintiff's counsel that such officer was "in the power" of defendant, or had been an "employé" helping to get up evidence, and that the failure of the defendant to call such constable as a witness amounted to a confession that the plaintiff's testimony as to the circumstances of the accident was true, such constable having been shown by evidence to have been near by at the time, was objectionable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 299; Dec. Dig. ⨺122.]

5. TRIAL ⨺120 — ARGUMENT OF COUNSEL — PROPRIETY.

In an action against a railroad for personal injuries, where the plaintiff testified that the defendant had not rung the bell or blown the whistle, and there was no evidence that there had been such failure on other occasions to give warning of the approach of trains, the argument of plaintiff's counsel that defendant had neglected to give such signals "before," and that he expected the defendant had run its trains a dozen times before the accident without blowing the whistle or ringing the bell, was improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 285–287; Dec. Dig. ⨺120.]

6. APPEAL AND ERROR ⨺660—CERTIORARI TO PERFECT RECORD—TIME OF FILING—RULES OF COURT.

Where the amended original petition of the plaintiff was not verified, as required by Rev. St. 1911, art. 1829a, as added by Acts 33d Leg. c. 127, § 5 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1829a), on defendant's appeal, assigning er-

ror to the overruling of its special exception to such amended petition, plaintiff's motion for certiorari to perfect the record so as to show verification, not presented in the Court of Appeals until the day of submission of the cause, came too late, under rules for the Courts of Civil Appeals No. 11 (142 S. W. xi, xii), providing that motions for certiorari to perfect the record shall be made in the time required in rule 8, which provides that all motions relating to informalities in the manner of bringing a case into court shall be filed within 30 days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2829, 2844–2847; Dec. Dig. ☜660.]

Appeal from District Court, Denton County; C. F. Spencer, Judge.

Action by Lloyd Sullivan, by next friend, against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 168 S. W. 473.

Lee & Lomax, of Ft. Worth, Robert H. Hopkins, of Denton, and Terry, Cavin & Mills, of Galveston, for appellant. Owsley & Owsley, of Denton, and J. W. Koons, of Sanger, for appellee.

CONNER, C. J. Appellee recovered a verdict and judgment for $6,500 as damages for personal injuries, and the defendant has appealed.

Briefly stated, it was alleged, and appellee's evidence is in substantial correspondence with the allegations, that on May 19, 1913, appellee visited the depot in the town of Sanger in Denton county. The main line of the appellant's railway extends through the town of Sanger, north and south. The depot is situated on the west side of the main line. West of the depot a switch track, or, as it is termed in the evidence, a house track, also extends in a north and south direction. One of the streets of the town just north of the depot extends east and west at right angles with these two railway tracks. Appellee alleged that he was directed by the agent at the depot to leave, and that he did so with the purpose of going to his home, which was in a northwesterly direction from the depot; that he went out of the depot upon its eastern side and traveled north until he reached the street mentioned, when he found that it was obstructed by a train of cars to the west on the house track that was being switched at the time; that he thereupon continued in a northerly direction until he reached a coal bin situated on the east side of the house track and within a few feet of it; that on the opposite side of the track and a little to the north of the coal bin there was located some stock pens, in front of which was standing a stock car that it seems had been placed there for the reception of some horses about to be shipped; that he stopped at the northwest corner of the coal bin a few moments and then concluded to continue his journey, but before doing so he looked to the south and saw that the switch engine and cars attached thereto were south of the depot; that he then continued and undertook to cross the house track just north of the stock car standing in front of the stock pens; that the point at which he so undertook to cross the house track was traversed by a well-worn pathway that had been long used by residents of the town, situated in a northwesterly direction from the stock pens, and in the vicinity of his home in coming to and from the depot, and to and from a water tank also situated near the coal bin; that while he was so endeavoring to cross the track, and while on the track the switch train from the south propelled the cars attached to the engine northward and against the standing stock car, which thus was projected against and over him, inflicting the serious injuries described in his petition. It was alleged, and there was evidence tending to show, that there was no brakeman or other person stationed upon the switch train, or upon the standing stock car, to give warning to persons about to cross the track. It was further alleged that neither whistle nor bell was sounded by the switch train to give warning of its approach to persons about to cross the house track, and it was charged that the defendant railway company was guilty of negligence in these respects.

The pleadings of plaintiff were met by exceptions, by a general denial, and, among other things, by a special plea of contributory negligence on the part of the plaintiff in attempting to cross the track at the time and under the circumstances he did. The trial, however, resulted in a verdict in appellee's favor, as before stated.

Among other things, it appeared in the evidence that one of appellant's brakemen was in close proximity to the scene of the accident, and on a former appeal in this case a judgment in appellee's favor was reversed on the ground that the evidence did not warrant a recovery in his favor upon the issue of discovered peril, upon which issue alone the case was then submitted. See 168 S. W. 473. On the last trial the issue of discovered peril was not submitted; the submission being upon the issues of negligence and contributory negligence hereinbefore indicated.

Appellant in various forms attacks the sufficiency of the evidence to authorize a submission of the issues, or to sustain the verdict in appellee's favor, but in view of the fact that we have concluded that the judgment must be again reversed, we deem it improper to discuss the sufficiency of the evidence further than to say that we do not think it was such, on either the issues of defendant's liability or of plaintiff's contributory negligence, as to have required the peremptory instruction to find in appellant's favor, as was requested.

[1, 2] It will be remembered that the plain-

tiff alleged as a reason for not having gone from the depot along and over the public street extending east and west immediately north of the depot into the town of Sanger and in the direction of plaintiff's home that it was obstructed by a train of cars that was being switched at the time. This allegation, was specially denied by the defendant, and on the trial, the plaintiff having testified in accordance with his allegations, the defendant introduced its witness Gambill, who testified to the effect that at the time the plaintiff, Lloyd Sullivan, came out of the defendant's depot, the crossing north of such depot was not blocked or obstructed by any cars, and that the plaintiff, had he desired to do so, could have gone home by crossing defendant's house track at such place. Thereafter the plaintiff in rebuttal introduced the answer of the witness to cross-interrogatory No. 1, to the effect that at a prior term of court when the case was tried he was present, but was not used as a witness. The defendant, as shown by the bill of exception, thereupon offered to prove, and could have proved, that on the former trial the court had indicated his purpose to submit the case upon the issue of discovered peril alone, and hence that the witness Gambill was not tendered at that trial, for the reason that in the judgment of defendant's counsel his testimony was not material on the only issue which the court proposed to submit to the jury. Such tendered proof on the part of defendant was objected to by the plaintiff on the ground that it was "wholly irrelevant and immaterial," which objection was by the court sustained and the proof excluded, to which action of the court error has been duly assigned. We think the court erred in so ruling. It is evident that the plaintiff thought it to be material to account for his failure to take the public street in crossing the tracks, rather than the less frequented and perhaps more dangerous route that he did, for he specially pleaded and specially testified that the public street was obstructed, and that by reason of such obstruction he took the course that he did. And it seems likewise evident that the plaintiff regarded it as material to cast suspicion upon the testimony of Gambill, denying that the street was closed, by showing that he had not testified on the former trial, thus creating an inference that the witness did not so testify on the former trial, or was not offered as a witness on the former trial because he did not know, or had not divulged the fact, that the street was open. It is by no means beyond the range of probability that the jury may have inferred that the witness Gambill on the last trial testified contrary to the truth, and that his testimony was given with the view of supplying necessary evidence. His failure to so testify or to have been offered as a witness on the former trial, unexplained, was, in its nature, well calculated to affect the weight of Gambill's testimony and

to create a suspicion as to his credibility as a witness, and we therefore think that the excluded explanation was not only relevant, but material. To be relevant, testimony need not necessarily have direct relation to one of the principal issues in the case. If it tends to explain or to increase the probability or improbability of a relevant fact, it is competent. One of the familiar purposes of a cross-examination, which is a right jealously guarded by the courts, is to weaken the testimony of, or to discredit, a witness who has given testimony favorable to the opposing party, and after a cross-examination has developed circumstances or statements tending to support the purposes mentioned, the right of the opposing party, who has offered the witness, to his re-examination, so as to support the witness and his testimony, is as firmly fixed in the law as the right of cross-examination. Any circumstance or fact tending to explain the unfavorable testimony elicited on cross-examination and to strengthen or support the testimony of the witness which has been thus attacked is always considered competent, and this right of re-examination within its proper scope is not merely discretionary with the court. See Hicks v. Hicks, 26 S. W. 229; Hoxie v. Silliman, 29 S. W. 913; Jackson v. M., K. & T. Ry. Co. of Tex., 23 Tex. Civ. App. 319, 55 S. W. 376; M., K. & T. Ry. Co. of Tex. v. Sharp, 120 S. W. 266; Martin v. Richmond, etc., Ry. Co., 101 Va. 406, 44 S. E. 695; Villineuve v. Manchester Ry. Co., 73 N. H. 250, 60 Atl. 748; Gray v. Met. St. Ry. Co., 165 N. Y. 457, 59 N. E. 263; Dole v. Wooldredge, 142 Mass. 161, 7 N. E. 832; 5 Jones, Blue Book of Evidence, §§ 871, 872; 2 Wigmore on Evidence, § 952. While ordinarily the right of a re-examination is confined to the witness cross-examined, yet where, as here, the failure of the witness to testify arose by reason of facts not within his cognizance, we think the explanatory evidence may be supplied by other competent evidence. Appellant's eleventh assignment is, accordingly, sustained.

[3] We are of opinion, also, that the argument complained of in the fourteenth assignment of error was erroneous and prejudicial. The bill of exception shows that the plaintiff's counsel in his closing address to the jury stated that in awarding damages the jury "should give plaintiff such a sum as would provide for him and furnish enough interest to take care of him." The evidence in the case seems undisputed to the effect that the plaintiff was wholly dependent upon his parents, and ever had been and ever would be afflicted in body and mind, and without any earning capacity. There was no prayer in the plaintiff's petition for damages on account of anything except physical pain and mental anguish, and the court in his charge submitted no other element of damages. The argument objected to was therefore a direct appeal to the jury to award the plaintiff compensation for an element of

damages unwarranted by either pleading, proof, or charge, and hence in contravention of the well-known rule on the subject. We, accordingly, sustain appellant's fourteenth assignment.

[4, 5] We also think the arguments complained of in the twelfth and fifteenth assignments were objectionable. June Teacle was shown by the evidence to have been near the plaintiff at the time of the accident, and possibly in a situation to have witnessed what then occurred, and we think that the evidence, fairly construed, fails to support the argument complained of in the twelfth assignment, to the effect that June Teacle was "in the power" of appellant, or had been an "employé" of the defendant, helping to get up evidence, and that therefore the failure of appellant to put its said employé on the stand amounted to a confession that what the plaintiff testified to about the circumstances at the time of the injury was true. The evidence referred to in the bill of exception as possibly supporting this argument, when construed as a whole, amounts only, in substance, to the fact that June Teacle, as a constable of the precinct in which the accident occurred and as an officer of the county, had served certain subpœnas, and in that way had assisted in getting the witnesses of appellant in court. The evidence as to what occurred at the time of and immediately preceding the happening of the accident was not entirely harmonious, and the fact that appellant may have availed itself of the services of a peace officer to serve subpœnas certainly does not support a charge that the defendant thereby had Teacle "in its employ and in its power," or give to the defendant any control of Teacle's testimony not equally possessed by the plaintiff. The plaintiff testified that at that time of the accident the defendant failed to ring a bell or blow the whistle, but there was no evidence to the effect that such failure had occurred on other occasions. The argument, therefore, complained of in the fifteenth assignment, to the effect that the defendant had so neglected to ring the bell or blow the whistle "before," and that he, counsel for the plaintiff, expected that the defendant had run its trains across the road at the north of the depot at Sanger a dozen times before the accident in question without blowing the whistle or ringing the bell, was outside of the record and violative of the rule before referred to. The arguments referred to in the several assignments mentioned, we think, as a whole were prejudicial.

[6] Error is also assigned to the action of the court in overruling the defendant's fifth special exception to the amended original petition of the plaintiff for want of verification, as provided by amended article 1829a of the Revised Statutes. See Laws 1913, p. 257. In answer to this assignment appellee has presented a motion for certiorari to perfect the record, supported by several affidavits tending to show that the petition in fact was signed and sworn to before the clerk at the time the exception was presented. The transcript fails to show any such verification by the clerk, and the motion for certiorari was not presented in this court until the day of submission of the cause, which comes too late. See rules 8, 11, and 22 (142 S. W. xi, xii); H. & T. C. Ry. Co. v. Parker, 126 S. W. 942. The ruling, however, need not be further discussed, inasmuch as the defect reached by the special exception may be easily remedied on another trial.

The plaintiff alleged that the reason for his departure from the defendant's depot was that he had been ordered out by the agent, and objection was made to such proof on the trial. We are not agreed as to the force of this objection. The writer, at least, is inclined to the view that this testimony was within the rule permitting introductory statements and matter explanatory of plaintiff's action at the time, and therefore admissible, and certainly not prejudicial in view of the fact that plaintiff's allegation to that effect was expressly admitted in the answer of the defendant. Others of us, however, are inclined to think the evidence was prejudicial, and that it ought to be omitted upon another trial.

There are a number of other assignments of error, but while all those not herein mentioned have been examined, they are overruled as being without merit.

For the errors discussed, however, it is ordered that the judgment be reversed and the cause remanded for a new trial.

Reversed and remanded.