Appeal from District Court, Gonzales County; O. K. Quin, Judge.

Kemp Bonds was convicted of theft, and he appeals. Affirmed.

W. B. Green, of Gonzales, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant pleaded guilty in the district court of Gonzales county to the offense of theft of a hog, and received a punishment of two years in the penitentiary.

In his motions for new trial and in arrest of judgment appellant complains of the form of the jury's verdict, and also of the fact that the jury did not consider his plea for suspended sentence, and that the foreman of the jury did not submit his application for such sentence to the jury.

[1, 2] The verdict of the jury is as follows:

"We, the jury, find the defendant guilty as charged in the indictment and place his sentence at two years in the state penitentiary. "L. H. Hinton, Foreman."

It is urged that the use of the words "place his sentence" renders such verdict invalid. We think the only question involved under our decisions is: Can the finding of the jury be reasonably ascertained from what they have said in their verdict? and there seems no great room for doubt in our minds as to what this jury meant. True the judge pronounces the sentence, but this must accord with the term of years or punishment fixed or placed in the first instance by the jury. In a very true sense the length of the sentence is first placed by the jury. In section 646, Branch's Ann. P. C., will be found many cases cited supporting the general proposition herein announced.

[3, 4] Reverting to the other contention of appellant, we know of no rule of procedure in this state which requires the foreman of a petit jury to proceed in any given way in the disposal of the issues before such jury. In the instant case it seems undisputed that in the jury room the question of the suspension of the sentence of appellant was freely discussed, and that no one suggested that he be given a suspended sentence, or asked for a vote on that question. The legal effect of the verdict agreed to by all the jury, and the fact that such verdict received the sanction of all the jurors, and that they were bound to know that they were not giving to appellant a suspended sentence, would seem a sufficient discussion of this question. This court has held that the failure to mention the matter of suspended sentence in the verdict is tantamount to a denial thereof by the jury. Potter v. State, 71 Tex. Cr. R. 209, 159 S. W. 846; Dawson v. State, 72 Tex. Cr. R. 68, 161 S. W. 469; Cook v. State, 73 Tex. Cr. R. 548, 165 S. W. 573; Johnson v. State, 74 Tex. Cr. R. 627, 169 S. W. 1151. In Conatser v. State, 75 Tex. Cr. R. 91, 170 S. W. 314, this court held that the failure of the verdict to dispose of the question as to recommending a suspended sentence, such verdict being silent on the subject, was not error available on motion for new trial. It would seem from the reasoning in that case that the accused should have raised the question immediately upon the return of the verdict, if he desired a finding on said issue.

Finding no error in the record, the judgment is affirmed.

---

### DAVIS v. RUSSELL & PEEK.
### (No. 2602.)

(Court of Civil Appeals of Texas. Texarkana. July 12, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Railroads 5½, New, vol. 6A Key-No. Series—Judgment against Director General held not objectionable for want of jurisdiction.**

Where a carrier's receiving agent representing the Director General of Railroads negligently waybilled the shipment to an erroneous address, and the consignee on failure to receive the shipment instituted suit against the Director General by serving process on the agent of the intended terminal carrier in a different state, as representing the Director General, the judgment obtained was valid, though the loss occurred in another state and on a foreign road, since the defendant was Director General of both roads, and especially where he had made a general appearance and defended without questioning the jurisdiction.

2. **Appeal and error 916(I)—Original answer, since amended and omitted on appeal, assumed a pleading on the merits and waiver of objection to jurisdiction.**

Where on appeal the record does not include the original answer, an amended answer having been filed, it will be assumed that the original answer was as it purported to be, a pleading on the merits, which waived the question of jurisdiction over the person of the defendant.

3. **Appearance 19(I)—General appearance and answer or filing of defensive matter gives jurisdiction over person.**

A general appearance and answer upon the merits of a case without questioning the jurisdiction, or the filing without compulsion of any defensive pleading, is such an appearance as gives the court jurisdiction over defendant's person as fully as the proper issuance and service of a citation.

Appeal from Red River County Court; R. J. Williams, Judge.

Action by Russell & Peek against James C. Davis, Agent, as substituted defendant for the Director General of Railroads. From a judgment for plaintiffs, defendant appeals. Affirmed.

For other cases see same topic and KEY NUMBER in all Key-Numbered Digests and Indexes

This suit was brought February 27, 1920, in Red River county, Tex., by the appellees, doing business as dry goods merchants in Detroit, Red River county, Tex., against Walker D. Hines, Director General of Railroads, for the value of certain goods, as of alleged conversion of the shipment, delivered at Providence, R. I., for transportation on a through bill of lading to Detroit, Tex. The service of citation or summons was upon the station agent, representing the Director General of Railroads, at Clarksville, Red River county, Tex., for the Texas & Pacific Railway, then under the control and operation of the Director General of Railroads. The said Director General of Railroads, through his attorney, filed an answer on the —— day of April, 1920. That answer does not appear in the record. Later, on April 28, 1921, leave of the court being obtained, the Director General of Railroads by his attorney filed a first amended answer, consisting of a general demurrer and a general denial, and specially pleaded that if the goods were lost and if the plaintiffs sustained any loss or damage it did not occur on the line of the Texas & Pacific Railway. After the filing of that amended answer James C. Davis, appointed agent under the Transportation Act of 1920, was, on April 28, 1921, formally substituted as sole defendant for Walker D. Hines, the Director General of Railroads. James C. Davis, Agent, then on April 28, 1921, through his attorneys filed a pleading by which he "adopts the answer of defendants heretofore filed herein, and assumes defense of this cause."

The case was tried before the court without a jury, and judgment was entered in favor of the plaintiffs. The court made findings of fact which have support in the evidence. It appears from the evidence that the appellees, who were conducting a dry goods store, residing in Detroit, Red River county, Tex., purchased through the Shelby Cotton Mills, from the United States Finishing Company, of Providence, R. I., 994 yards of sheeting, packed in one case, of the value of $409.69, and paid that amount for the same. The United States Finishing Company on August 9, 1918, delivered the goods at Providence, R. I., to the agent there, representing the Director General of Railroads, for shipment to the appellees at Detroit, Tex., via the New York, New Haven & Hartford Railroad and connecting railroads. The bill of lading issued therefor was signed by "G. E. Allen, Agent," and was the "uniform bill of lading adopted by carriers in official classification territory effective June 1, 1916." The bill of lading provided that the goods received would be transported from Providence, R. I., to appellees as consignees at Detroit, Tex., as the destination. The case in which the goods were packed was, it appears, erroneously marked or addressed by the shipper to the appellees at "Detroit, Mich.," instead of "Detroit, Tex." The railway agent negligently, as the court finds, waybilled the goods to Detroit, Mich., instead of following the address of the consignees as given on the bill of lading and shipping order. The goods were wrongfully transported to Detroit, Mich., via the New York, New Haven & Hartford Railway from Providence, R. I., to Albany, N. Y.; and the New York & Michigan Central Railway from Albany, N. Y., to Detroit, Mich. Both of these railroads were under the control and operation of the Director General of Railroads at the time. Failing to effect delivery of the goods at Detroit, Mich., they were placed by the Director General in a warehouse, and afterwards sold for freight and storage charges by the warehouseman. The appellees made, as the court finds, a written claim for the damages sued for, within six months after a reasonable time for delivery had elapsed. The Texas & Pacific Railway runs through Red River county, Tex., and Detroit is a station on its line. The Texas & Pacific Railway was the destination carrier for the bill of lading issued covering the shipment involved in the suit, but the shipment never reached that railway line. At the time of shipment and suit the Texas & Pacific Railway was under the control and operation of the Director General of Railroads. As the findings of the court here adopted set out General Order No. 18 and the amendments, and General Orders Nos. 26, 41, and 50, the same need not be here copied.

Head, Dillard, Smith, Maxey & Head and J F. Holt, all of Sherman, and R. S. Shapard, of Dallas, for appellant.

Prentice Wilson and Austin S. Dodd, both of Clarksville, for appellees.

LEVY, J. (after stating the facts as above). [1] It is insisted by appellant that the judgment against him is both erroneous and void, as a matter of law, upon the grounds that: (1) The loss or misdelivery of the goods did not occur on the line of the Texas & Pacific Railway, the terminal carrier, but under the undisputed evidence occurred only through and in the control and operation of the New York, New Haven & Hartford Railway, the initial carrier; and (2) there was a lack of jurisdiction in the court to render judgment in favor of the plaintiffs on a cause of action growing out of the control and operation of the New York, New Haven & Hartford Railway, which was a railway entirely foreign to the state of Texas, upon service of a citation or summons upon the station agent, representing the Director General, at Clarksville, Red River county, Tex., in the operation of the Texas & Pacific Railway. The appellees justify the judgment upon the grounds that: (1) The Director General was sued in his capacity as such in possession of the control and operation of the New York,

New Haven & Hartford line of railway, as well as the Texas & Pacific line of railway, and that service was had upon an agent representing the Director General; (2) the Director General entered his appearance in the suit without limiting his appearance to his capacity as being in charge of the Texas & Pacific Railway; and (3) the Director General, by force and effect of his answer, voluntarily submitted himself to the jurisdiction of the court, and is bound by its judgment.

The Texas & Pacific Railway being the terminal carrier, and the goods never having reached its line of railroad, it would not be, under the facts, legally liable distinctly as a railroad company for the damages sued for had the suit been brought before government control. The petition of the plaintiffs, however, set up the facts sufficiently charging and showing a cause of action to have been created by the Director General in the government control and operation of the New York, New Haven & Hartford line of railway, as well as in the control and operation of the Texas & Pacific line of railway. The cause of action, based as it is upon misdelivery or conversion of the goods, would be legally classed as a transitory action; and consequently the fact that the New York, New Haven & Hartford Railway is a line of railway foreign to Red River county, Tex., would not render the judgment void in the capacity of control and operation of such foreign railway, provided proper jurisdiction was obtained over the person of the appellant in that respect. And we think the record does not go to show that jurisdiction was wanting to render the judgment as entered. It appears from the record that an "original answer" was filed in the court by the Director General at the return term of court after the suit was brought. Whether any complaint was made of a want or insufficiency of service of citation respecting the foreign line of railway, or whether there was a special plea or motion to dismiss on the ground of lack of jurisdiction, or whether the original answer was a restricted appearance does not appear in the record. The trial court's judgment recites that—

"On this day, October 27, 1921, came on for trial the above entitled and numbered cause. Then came the plaintiff, Russell & Peek, in person and by their attorney, and the defendant James C. Davis, Federal Agent under the Transportation Act of 1920, by his duly and legally authorized attorney, and announced ready for trial."

[2, 3] If, then, the original defendant, being sued in two capacities, appeared and answered generally, as the record purports to show, to the merits of the case, neither he nor the substituted defendant can object to the jurisdiction over his person because a citation, or valid citation, was not issued and served upon him. Watson v. Baker, 67 Tex. 48, 2 S. W. 375. A defendant, voluntarily and without objection answering to the merits, waives jurisdiction over his person when he answers to the merits of the suit as alleged. Douglas v. Baker, 79 Tex. 499, 15 S. W. 801. It must be assumed in support of the trial court's judgment, in the absence, as here, of the original answer itself and any complaint in the trial court of lack of jurisdiction that the "original answer" was, as it legally purports to be (Richardson v. Wells, 3 Tex. 227) a defensive pleading to the merits of the case as alleged in the plaintiffs' petition. Waiver of jurisdiction over the person is primarily a question of fact. This is involved in the court's judgment, a finding of that fact, also the pleading of appellant as the substituted defendant in adopting "the answer of defendants heretofore filed" would seem, as worded, to have recognized the former appearance of the Director General as having been in the capacity of operating both railways. A defendant who files without compulsion any defensive pleading makes such an appearance, under the rule in this state, as gives the court jurisdiction over his person as fully as would the proper issuance and service of citation within this state. York v. State, 73 Tex. 651, 11 S. W. 869; Id., 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604.

The judgment is affirmed.