### CAMDEN FIRE INS. ASS'N v. HILL.
### (No. 2295.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1924. Rehearing Denied July 5, 1924.)

**1. Appeal and error ⊜⇒662(2)—Record of deputy clerk's notice of default judgment to defendant's attorney conclusive.**

Record showing that deputy district clerk notified defendant's attorney of default judgment against it is conclusive on appeal from denial of defendant's bill of review.

**2. Judgment ⊜⇒407(1)—Bill for review of default judgment held properly denied because of failure to move for new trial or to appeal.**

Where defendant was notified of default judgment against it by deputy district clerk and defendant's attorney, subsequently filed amended answer and plea in reconvention, and did not move for new trial during term in which judgment was rendered nor attempt appeal or writ of error, its bill for review was properly denied.

**3. Judgment ⊜⇒407(1)—Bill of review not entertained without showing of lack of negligence in not resorting to legal remedies available.**

Before bill to review default judgment will be entertained, it must appear that plaintiff was not negligent in not resorting to legal remedies open to him.

**4. Judgment ⊜⇒463—Whole case made by plaintiff's pleadings in original suit, as well as bill of review, held properly considered.**

Where plaintiff, in reply to bill of review, set up entire cause of action in which default judgment was recovered, court, to avoid retrial of original case and avoid multiplicity of suits, properly considered whole case as made by plaintiff's pleadings in original suit, as well as matters urged in bill of review.

**5. Appearance ⊜⇒26—Contesting judgment by bill of review held to preclude attacking it as rendered without service of process or appearance.**

Defendant voluntarily appearing in proceedings to review default judgment and contesting plaintiff's right to recover on case made by pleadings in original suit cannot attack judgment as rendered without service of process or appearance.

## On Motion for Rehearing.

**6. Appeal and error ⬤⟿660(2) — Submission cannot be set aside, case reopened, and record corrected.**

Under Courts of Civil Appeals rule 22, party cannot have submission of appeal set aside, case reopened, and record corrected.

**7. Judgment ⬤⟿419—Bill of review held properly denied, though default judgment was rendered without service.**

Where defendant, after default judgment, filed answer and plea in reconvention containing detailed statement of entire transaction and all proceedings, plaintiff, in answer to defendant's bill of review, set up original cause of action and denied practically every allegation of bill, and defendant filed amended answer and cross-action for damages, court had jurisdiction of all issues, though judgment was rendered without service, and judgment, sustained by sufficient evidence, denying bill, will not be disturbed, though court did not in terms set aside first judgment.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by F. E. Hill against the Camden Fire Insurance Association. Judgment for plaintiff, and defendant filed petition in nature of bill of review, on which judgment was confirmed, and defendant appeals. Affirmed.

Robertson, Senter & Westerfeld, of Dallas, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellee.

HALL, C. J. On March 18, 1921, the appellee, Hill, sued the appellant insurance company and H. R. Denny, alleging, in substance, that on June 15, 1920, he had given Denny, as the local agent of the insurance company, his application for insurance upon his automobile in the sum of $1,500 and at that time paid Denny the premium; that he agreed with Denny that the policy should be delivered and held by the bank at Iowa Park, of which Denny was the managing officer; that the policy should be attached to a note which he owed the bank and which was secured by chattel mortgage upon the insured automobile; that the bank should hold the policy for its protection in the event of the destruction of the automobile. He alleges that it was further agreed that if the company should fail to issue the policy he should be notified either by the company or Denny. He alleges the delivery of the application and premium to the company, failure of the company to issue the policy, his reliance upon the fact that the policy had been issued, and the destruction of the automobile on December 24, 1920. Citation was issued upon this pleading and delivered to the sheriff of Wichita county, who made the following return, dated March 24, 1921:

"Came to hand on the 21st day of March, A. D. 1921, at 9 o'clock a. m. and executed the 24th day of March, A. D. 1921, by delivering to H. R. Denny, as local agent of the Camden Fire Insurance Association, the within-named defendants, each in person, a true copy of this writ."

On March 7, 1922, plaintiff, Hill, filed his first amended petition, making substantially the same allegations as in his original petition, and on the same day filed his first supplemental petition, in which he alleged that the defendant company was a corporation incorporated under the laws of New Jersey, and that Cavens, Dargan & Roberts, residing in Houston, Tex., were its agents, and praying for the issuance and service of citation upon them as such. On the 10th day of March, 1922, judgment by default was rendered against the appellant company in the sum of $1,500. On the 28th day of March thereafter the insurance company filed an answer which contains a general demurrer, general denial, and a special denial of the authority of Denny to make an oral contract of insurance and a denial of Denny's authority to bind defendant, as alleged in plaintiff's petition. These proceedings were all during what is known as the January term of the Eighty-Ninth district court of Wichita county, which ended in April 2, 1922.

On the 1st day of June, 1922, and during what is termed the April term of said court, the insurance company filed its first supplemental answer and plea in reconvention, alleging that on the 7th day of March, 1922, plaintiff filed an amended petition and caused citation to be issued thereon and served on Cravens, Dargan & Roberts, commanding the defendant to appear and answer on the 3d day of April, 1922; that this was the first citation which had ever been served upon an agent of said company; that in response to said citation said company appeared and in due time filed its answer, requesting that the case be placed upon the jury docket, and deposited its jury fee with the clerk of said court; that on the 10th day of March, 1922, after the filing of said amended petition and service of citation, the plaintiff took judgment by default and with knowledge that there had been no legal service of process, whereby the defendant had been exposed to annoyance, harassment, and injury in its reputation, business, and credit and to the peril of exclusion from the state and the cancellation of its permit to do business in the state; that said judgment was taken with wrongful and malicious intent, thereby injuring the defendant company in the sum of $10,000 actual damages and $5,000 exemplary damages. On November 11, 1922, defendant insurance company filed in the same court its petition in the nature of a bill of

review, setting out with great detail the facts and circumstances connected with said cause from its beginning, the lack of service upon the defendant insurance company until after the filing of its first amended and first supplemental petitions on the 7th of March, 1922; also setting out in detail correspondence continuing over several months between the attorneys of the parties; further alleging that Denny's agency and authority to collect premiums expired on the 28th day of January, 1921; that he was not the agent of the company when the citation which had been issued on the 7th day of March, 1922, was served; that if Denny made any agreement with plaintiff for insurance it was made by him for the benefit of the First State Bank of Iowa Park, of which he was cashier at the time; that he had never delivered plaintiff's application for insurance to the company nor had the company ever received any premium.

On November 11, 1922, plaintiff filed his reply to the defendant's bill of review, alleging that the company was apprised of the rendition of said judgment during the January term of the court and made no motion for a new trial at said term and had prosecuted no appeal or writ of error from said judgment; that R. H. Denny was the local agent of the insurance company at the time original citation was served upon him; that the company's attorney was notified of the pendency of the suit prior to the date of the default judgment and was requested to file an answer. It is further alleged that Ben W. Tipton, an employee of appellee's attorneys, undertook to secure new service of process for the April term of the court, not knowing that service had theretofore been perfected in said cause, which did not prevent defendant from appearing and answering the original petition. In this answer to the bill of review the appellee, Hill, repeats the allegations in his pleadings filed in the original action, setting out the agreement with Denny for insurance, the destruction of his car by fire, the failure of the company to issue the policy, etc. On the same day the insurance company filed its first amended original answer, in lieu of its original answer filed on the 28th day of March, 1922, in which it denied all of the material allegations of plaintiff's pleadings and, further, that Denny was employed by it merely as a soliciting agent in Iowa Park, Tex., from the 27th day of May, 1919, to the 28th day of January, 1921, at which time such relations ceased; that he never sent in any application signed by appellee nor any premium for the issuance of any such policy as the appellee claims he contracted for.

The default judgment rendered on March 10, 1922, decrees that Hill recover of the Camden Fire Insurance Company the sum of $1,500, with interest from and after the date of the judgment at 6 per cent. It is further decreed that the plaintiff take nothing as against the defendant H. R. Denny, and that the latter be discharged with his costs. The judgment which was rendered upon the appellant's bill of review is dated December 4, 1922, and recites that all questions of fact as well as of law were submitted to the court; that the court heard the pleadings and evidence in the case, and, after having fully considered the bill of review and evidence offered in support of same, is of the opinion that the association is not entitled to have judgment heretofore rendered against it in favor of Hill set aside, and is further of the opinion that Hill is entitled to recover of the association the sum of $1,500, and confirms the judgment theretofore entered in favor of Hill against the association for that sum. From this judgment this appeal is prosecuted.

[1-3] The first contention to be considered is that the court erred in denying the appellant's bill of review and in refusing to set aside the original judgment, which was entered on the 10th day of March, 1922. The record is conclusive that on March 21, 1922, the deputy district clerk of Wichita county notified appellant's attorney that default judgment had been taken. It is further shown that on March 12th, two days after the judgment entry, appellee's attorneys wrote appellant's attorneys that judgment had been taken for plaintiff in the sum of $1,500. Thereafter, in June, the appellant filed an amended answer and plea in reconvention, which shows that it had notice of the fact that the judgment had been taken. Aside from the sufficiency of the grounds alleged in the bill of review, it is clear from the above-stated facts that appellant's bill was properly denied because no effort was made to obtain a new trial during the term of court at which the judgment was rendered, nor has any appeal or writ of error from such judgment been prosecuted or attempted. A proceeding of this kind is purely equitable, and before the bill will be entertained by the courts it must appear that the plaintiff in the bill has not been negligent in resorting to the legal remedies open to him. This rule is too well settled to require discussion. Hough v. Hammond, 36 Tex. 657; Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363; Johnson v. Templeton, 60 Tex. 238; Republic Supply Co. v. Weaver (Tex. Civ. App.) 235 S. W. 684.

[4] It appears from the record and from the judgment that in reply to the bill of review filed by the appellant the appellee set up his entire cause of action against appellant, and without objection from either party the court considered the whole case as made by the appellee's pleadings in the original suit, as well as the matters urged in the bill of review. We think this proceeding was

proper, and the court could, under the practice in this state, in order to avoid a retrial of the original case in the event appellant should prevail in its attempt to review and set aside the original judgment, and to avoid a multiplicity of suits, settle all questions in this action. Waggoner v. Knight (Tex. Com. App.) 231 S. W. 357, and authorities cited in the dissenting opinion in that case in (Tex. Civ. App.) 214 S. W. 690.

[5] The court heard all of the evidence bearing upon the issues made by the pleadings, and not only held that the appellant was not entitled to have reviewed and set aside the original judgment, but that the appellee, upon the merits, was entitled to recover upon the case made by his original pleadings and which he had reproduced in his answer to the bill of review. The appellant in this proceeding has "had its day in court." It joined issue upon the very facts constituting the merits of appellee's original action. By pleading and evidence it contested the appellee's right to recover upon the identical cause of action stated in his original pleadings. Under such circumstances the issue of the invalidity of the original judgment becomes academic. The contention in its bill is that the default judgment is void because it was rendered without service of process upon it and at a time when it had entered no appearance in the trial court. If this is admitted to be true, it has no force here because of appellant's voluntary appearance and contesting in this proceeding in the trial court the right of appellee to recover against it in any event Mueller v. Heidemeyer, 49 Tex. Civ. App. 259, 109 S. W. 447; St. L. & S. F. Ry. Co. v. Hale, 109 Tex. 251, 206 S. W. 75. The court filed no findings of fact or conclusions of law. The evidence as disclosed in the statement of facts is sufficient to show that Denny had authority, under the provisions of V. S. C. S. art. 4961, to bind appellant.

Finding no reversible error, the judgment is affirmed.

### On Motion for Rehearing.

[6] Since the case was submitted and decided the appellant association has filed a motion to set aside the submission, and by an application for certiorari asks to be permitted to correct the record. This relief must be denied. Rule 22, Courts' of Civil Appeals, provides as follows:

"A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with the rules prescribed for the government of the district and county courts and filed in the court under the rules with briefs of one or both parties, in accordance with the rules for the government of the court. All parties will be expected before submission to see that the transcript of the record is properly prepared and the mere failure to observe omissions or inaccuracies therein will not be admitted after submission as a reason for correcting the record or obtaining a rehearing."

Time was granted for the filing of this motion and for the preparation of a corrected record in the trial court upon representation, made by appellant's counsel, that the statement of facts had been altered after it was approved by him, and either before or after it was filed in this court. Upon the hearing, however, appellant's counsel admits that he is mistaken as to such alteration, and the matter for consideration is the right of a party, after the cause has been submitted and decided, to have the submission set aside, reopen the case, and correct the record. Rule 22, quoted above, was promulgated by the Supreme Court concurrently with the decision in the case of H. & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S. W. 369, to settle the practice in matters of this kind, and it is held in that case that the rule shall be conclusive and that the ends of justice will be best promoted by enforcing it in the future, although it may work a hardship in certain instances. Since the decision in that case the courts have uniformly adhered to the rule. M., K. & T. Ry. Co. v. Hurdle (Tex. Civ. App.) 142 S. W. 992; G., C. & S. F. Ry. Co. v. Sullivan (Tex. Civ. App.) 178 S. W. 615; Woolley v. Nelson (Tex. Civ. App.) 250 S. W. 481; City National Bank v. Watson (Tex. Civ. App.) 178 S. W. 657; Patrick v. Pierce, 107 Tex. 620, 183 S. W. 441; Huling v. Moore (Tex. Civ. App.) 194 S. W. 188; St. Louis & S. F. Ry. Co. v. Cartwright (Tex. Civ. App.) 151 S. W. 1094; Trimble v. Hawkins (Tex. Civ. App.) 197 S. W. 224.

[7] The original opinion reviews at length the proceedings in the case up to and including November 11, 1922, in which the appellant filed in the court which rendered the default judgment its petition in the nature of a bill of review to set aside the judgment. After the default judgment was taken and entered on March 10, 1922, the appellant filed its original answer on March 28, 1922, without knowing that said judgment had been taken. After learning that the judgment by default had been entered at the previous term, appellant's counsel filed on June 1, 1922, in the same cause, what is styled "Defendant's Plea in Reconvention," in which it reconvenes against the appellee Hill for damages in the sum of $15,000, for unlawfully taking the default judgment, and prays that the case be placed on the July docket for trial in regular order upon the pleadings then on file, or upon such amended pleadings as may thereafter be permitted by the court; that the default judgment be set aside; that it have judgment for its damages. Then on November 11, 1922, the appellant filed what is styled "Defendant's Bill of Review." This pleading, together with its exhibits, covers 25 pages of the record. It is a detailed statement of the entire transaction and of all pro-

ceedings in the case including the appellee's pleadings, the citations, all correspondence between counsel for the several parties, and prays that the former judgment be set aside because it was fraudulently, wrongfully and illegally obtained, because it was entered without any service or appearance and had been rendered upon an abandoned pleading. In reply to this bill of review the appellee filed his "First Supplemental Petition and Answer to Bill of Review," on November 11, 1922, and on the same day he filed what is styled "Answer of Plaintiffs to Defendant's Bill of Review." This pleading covers ten pages of the record and together with his previous pleading the appellee sets up his original cause of action as set out in the original and first amended original petitions, and besides numerous exceptions they contain denials, general and special, of practically every allegation in the bill of review. On the same day the appellant company filed what is styled "Defendant's First Amended Answer and Cross Action," which covers nine pages of the record, in which he reconvenes for $350 expenses incurred by reason of the illegal entry of the judgment on the 10th day of March, 1922, and for $10,000 actual damages and $5,000 exemplary damages.

Under this state of the record it is wholly immaterial whether the original judgment was entered without service or not. The pleadings of both parties at the November term of the court presented every issue which could have been presented at the original term, and more. The appellant company had not only answered, filed a bill of review and a first amended answer, but by cross-action had invoked the judgment of the court upon its plea for damages. We can think of nothing else which the appellant could have filed or done that would have more completely entered its appearance and subjected it to the jurisdiction of the court for the determination of all the issues raised by the pleadings of the parties. Admit that the first judgment was rendered without any service, the answers and cross-actions, aside from the bill of review, gave the court jurisdiction of all the issues between the parties. St. Louis & San Francisco Ry. v. Hale, 109 Tex. 251, 206 S. W. 75; Douglas v. Baker, 79 Tex. 499, 15 S. W. 801; Hickman v. Swain (Tex. Civ. App.) 210 S. W. 548; Benchoff v. Stephenson (Tex. Civ. App.) 72 S. W. 106; Smithers v. Smith, 35 Tex. Civ. App. 508, 80 S. W. 646; Davis v. Russell & Peek (Tex. Civ. App.) 244 S. W. 383.

It is clear, from the record before us and the recitals in the judgment, that the trial judge has tried this case upon the pleadings and the evidence, and that his judgment is one rendered upon a full hearing on the merits. The fact that he did not in terms set aside the first judgment is immaterial. As stated in the original opinion, the trial court

filed no findings of fact; but a careful review of the statement of facts convinces us that the evidence is sufficient to sustain the judgment, and that the controversy has been properly disposed of.

The motion is therefore overruled.