INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL V.
R. E. CAIN.

Decided April 20, 1904.

1.—Evidence—Injury—Complaints of Suffering.

Complaints of suffering in his back, made by plaintiff in a suit for personal injury, held admissible as original evidence, as being expressions of present pain.

2.—Damages.

Evidence held sufficient to support a recovery of $500 for personal injuries to a railway passenger from collision of train with an engine.

Appeal from the District Court of McLennan. Tried below before Hon. Sam R. Scott.

*Baker & Thomas, Clark & Bolinger,* and *J. A. Kibler,* for appellant.

*Taylor & Gallagher,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action by appellee against appellants for damages for personal injuries alleged to have been received by him while a passenger on one of the regular passenger trains of the appellant, the International & Great Northern Railroad Company, in a collision between said train and one of the switch engines of appellant, the St. Louis Southwestern Railway Company of Texas, near the city of Waco, on December 6, 1902; the plaintiff alleging in his petition that he entered said train at Waco for the purpose of going to his home in the town of Ottoe, intending to pay his fare in cash on demand; that his train pulled out from the depot towards the Brazos River, and about the time said train entered on the bridge crossing said stream, on account of being annoyed by some drunken men who were on the car in which the plaintiff was riding, he got up from his seat, and went to the front end of the smoking car on said train, and was in the act of taking his seat, and was turning back the back of his seat upon which he intended to sit, and just as he lifted the back of said seat a terrific and violent collision occurred about midway on the bridge crossing the Brazos River, and on account of the jar and collision plaintiff was thrown over the back of the seat he was turning to the back of the other seat, and was painfully and permanently injured.

The trial of the case before a jury resulted in a verdict and judgment in favor of the appellee for the sum of $500 jointly against the two appellants.

The fourth assignment of error of appellants complains of the action of the court below in admitting, over the objections of appellants, certain testimony of R. A. Cain and J. F. Cox, witnesses for appellee. The witness R. A. Cain testified that appellee came home with his hand

wrapped up, and complaining of a hurt in his back. Appellants objected to the latter part of said statement that appellee was complaining of a hurt in his back, upon the ground that same was hearsay and self-serving. Appellants objected to the following testimony of the witness J. F. Cox, upon the same ground as above stated: "Appellee said he was hurt; said he was hurt in the back." The witness R. A. Cain testified in connection with the statement above quoted, as excepted to, as follows:

"I am the father of plaintiff and remember the time he left to go to Falls County. He came home with his hand wrapped up, and complaining of a hurt in his back. It was late at night. The next day he complained of his back hurting him right smart, and asked me to go over and phone to Dr. Wilcox, which I did. * * * He made a great deal of fuss in his sleep, groaning and rolling. Several times had his back rubbed with liniment."

The witness Cox, in connection with the statements above quoted, and objected to by appellant, testified as follows: "I remember the time plaintiff left home to go to Falls County, on the 6th of December. I know he left about that time, but do not remember the date. All I know is he came back home and said he was hurt. I do not remember whether the plaintiff came back the next day after he left or the third day after he left, nor do I remember the day of the week he left. I was at home when he came back. I did not see him until he came in the house. He came in and said he was hurt. When he came in he looked like he was hurt. He looked very bad. He just came in and said he was hurt on the train. He had his hand in a sling. All I know about his back was he could not walk right. When I came in they had just pulled his shoes off, and told him to go to bed. He went to bed. He said he was hurt on the train. He said he was hurt in the back. * * * I know when he went to bed he complained and groaned all night."

The statements of appellee testified to by said witnesses, to which objection was made by appellants, when viewed in connection with the other testimony of said witnesses relating to what was said and done by appellee at the time of making such statements, are, in our opinion, expressions of present pain and suffering, and were therefore admissible as original evidence. Houston & T. C. Ry. Co. v. Schafer, 54 Texas, 648; Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 358; Missouri K. & T. Ry. Co. v. Johnson, 67 S. W. Rep., 771.

The only other assignment of error presented in appellants' brief is the eighth, which complains of the action of the court below in overruling defendant's motion for a new trial, which set up that the verdict of the jury was contrary to the law and the evidence, in that it appeared from the evidence that the appellee was not injured in any appreciable degree, if at all, and that the alleged injury to his back, of which he complained, was feigned and was an afterthought upon his part, after

conversing with the witness Cavitt after he got off the train. This was a question of fact for the jury, and the same was properly submitted to them by the court in its charge, and they found in favor of the appellee; and we are of the opinion that there is testimony in the record to support the verdict of the jury.

Finding no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*