TEXAS ELECTRIC RY. v. SHELTON et ux. (No. 368.)*

(Court of Civil Appeals of Texas. Waco. June 3, 1926. Rehearing Denied July 1, 1926.)

1. Damages ⬗221—Submission of special issue as to amount of damages suffered by passenger held not objectionable in failing "to restrict jury to compensation if paid presently," nor as failing to state proper measure of damages.

Where jury found that passenger had notified conductor she wished to get off at certain flag station and that his failure to stop was negligence proximately causing injury, submission of special issue as to amount plaintiff was entitled to recover *held* not objectionable because it did not "restrict jury to compensation if paid presently," since no recovery was authorized by charge for pain or mental suffering in future, nor as failing to state proper measure of damages; there being no measure of damages for physical pain and mental suffering.

2. Carriers ⬗278(1).

Whether passenger acted as person of ordinary prudence would act in getting off car at next station and walking back after it failed to stop *held* fact question for jury.

3. Carriers ⬗276(3).

Where action for injuries to passenger on interurban car carried beyond her station was tried on theory that defendant owned car, without objection by defendant, slight evidence of defendant's ownership was sufficient.

4. Carriers ⬗276(3).

Evidence *held* sufficient to show that defendant owned and operated interurban car which carried passenger beyond her station resulting in personal injury to her.

5. Evidence ⬗22(3).

Court of Civil Appeals judicially knows that Texas Electric Railway extends from Dallas to Waco and passes through Italy and Milford, and that it is only interurban passing through such towns.

6. Evidence ⬗127(4).

Testimony that, three months after passenger on interurban car was compelled to walk back from next station because car failed to stop at her station, witness heard her groaning in adjoining room as though suffering great pain, *held* admissible in passenger's action for injuries resulting in miscarriage at time referred to by witness.

7. Appeal and error ⬗1064(1)—Trial ⬗246.

Where argument to jury was to begin at 3 o'clock Saturday afternoon and all of defendant's objections to charge were not presented to court at that time, *held*, that court did not err in correcting charge by defining terms therein on Monday morning; but, if it was error, error was harmless.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by Homer Shelton and wife against the Texas Electric Railway. Judgment for plaintiffs, and defendant appeals. Affirmed.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Clyde F. Winn and C. M. Supple, both of Waxahachie, for appellees.

STANFORD, J. Suit by appellees to recover for personal injuries to Lillie Shelton, wife of Homer Shelton, resulting from the alleged negligence of appellant. On February 5, 1923, Lillie Shelton boarded one of appellant's local cars at Italy to go to the station of Center Point, which was a flag station only a few miles from Italy, and even local cars did not stop at Center Point except when flagged, or when the conductor knew there were passengers to get off at said station. On boarding the car at Italy, Lillie Shelton did not buy a ticket for Center Point, but intended to pay her fare to the conductor; but before the conductor collected fare from her said car reached Center Point and passed on without stopping to permit appellee to get off, and did not stop until said car reached Dunlap, another flag station about 730 yards south of Center Point, where appellee got off, and walked back to Center Point. The negligence relied upon was in failing to stop the car at Center Point to permit appellee to get off, and the failure of the conductor after passing said station to back the car up to said station for her to alight. The case was submitted to the jury on special issues, all of which were answered favorably to appellees, and judgment rendered in their favor. Such issues as are pertinent to the questions discussed and the evidence bearing upon same will be stated in the course of this opinion.

Opinion.

[1] Under appellant's first assignment, it contends the thirteenth special issue submitted by the court was erroneous in several particulars. The thirteenth special issue was as follows:

"If, under your findings, the plaintiff is entitled to recover of the defendant herein damages in any sum, then what amount, if any, do you find the plaintiff is entitled to recover of the said defendant herein; and in answering this issue and in determining the amount of damages, if any, which you may assess, you will take into consideration all of the facts in evidence, and assess such amount of damages as you in your judgment may determine from the evidence that will fairly compensate the plaintiff Lillie Shelton for such physical pain and mental anguish, if any, she has sustained growing out of and being the direct and proximate cause of the injury, if any, so sustained by her in the journey from Dunlap to Center Point Stations on February 5, 1923."

In answer to other issues the jury had found that appellee, Lillie Shelton, had notified the conductor that she wanted to get off at Center Point, in time for him to stop at said station, and that his failure to so stop was negligence, and that such negligence was the proximate cause of her injury, etc. So in view of these other issues that had been submitted, it was proper for the court to instruct:

"If, under your findings, the plaintiff is entitled to recover of the defendant herein damages in any sum, then what amount, if any, do you find the plaintiff is entitled to recover," etc.

It is not objectionable upon the ground that the court "did not restrict the jury to compensation if paid presently." Such a restriction would have been improper, in that no recovery was authorized by said charge for pain or mental suffering in the future. Said charge is not objectionable, as contended by appellant, upon the ground that it "fails to state the proper measure of damages, or any legal rule by which such damages may be assessed." The only grounds for recovery submitted was for "physical pain and mental anguish, if, any, she has sustained," etc., and there is no measure of damages or legal rule by which such damages may be measured. We think said charge is a correct application of the law to the facts of this case, in the main. The court did use the word "find" where "finding" should have been used, and the word "cause" where "result" should have been used; but evidently the jury was not misled or confused by these verbal inaccuracies. No reversible error is shown. We overrule this assignment.

[2] Under other assignments, appellant contends that as appellee left its car at Dunlap voluntarily, it was not liable, and the court erred in refusing to instruct in its favor. Appellee boarded appellant's car at Italy for Center Point, prepared and intending to pay her fare to said point, and thereby became a passenger, entitled to that high degree of care due by the carrier to its passengers. According to the findings of the jury, by reason of the negligence of the motorman she was not permitted to alight at Center Point, where she was acquainted and where relatives were to meet her, but was carried on past said station, and was then presented with the alternative of getting off at the next flag station, about 730 yards from Center Point, and walking back to said station, or being carried on to Milford, where she was not acquainted and had no relatives, and waiting for another local car back to Center Point. She testified she had no money to pay her fare back to Center Point. It was her right to go back, and the question of whether or not, in getting off at Dunlap and walking back to Center Point, she acted as a person of ordinary prudence, was a question of fact for the determination of the jury. The court was correct in refusing appellant's peremptory instruction on the grounds stated. These assignments are overruled. G., H. & H. Ry. Co. v. Crispi et ux., 73 Tex. 236, 11 S. W. 187; St. Louis S. W. Ry. Co. v. Ricketts, 96 Tex. 68, 79 S. W. 315; St. Louis S. W. Ry. Co. v. Franks, 52 Tex. Civ. App. 614, 114 S. W. 874.

[3, 4] Under other assignments, appellant contends the court erred in refusing to instruct a verdict in its favor on the ground that the evidence failed to show that appellant was in any way connected with the operation of the car in question. J. E. Haynie, a witness for appellant, testified as follows:

"I am a conductor on the Texas Electric Railway—interurban—and have been about three years. I remember the time Mrs. Lillie Shelton claims she was on a car on February 5, 1923, getting on at Italy and wanting to get off at Center Point and was carried by the station. I was conductor on the car. I did not know Mrs. Shelton and do not remember seeing her on the car that night before I had a conversation with her. * * * She said she wanted to get off at Center Point."

This case proceeded in the trial court as though no issue was made and no contest had with respect to the matter of ownership or operation of said car by appellant, and this being true, full proof of this apparently uncontroverted or conceded fact is not required and slight evidence tending to support the inference that appellant owns or operates the road will be sufficient. Dallas Ry. Co. v. Warlick (Tex. Civ. App.) 268 S. W. 512, and cases there cited. The above evidence of the witness Haynie is sufficient to show that appellant owned or operated the car at the time complained of by appellee.

[5] Also, we think, this court judicially knows that the Texas Electric Railway, appellant, extends from Dallas to Waco, and passes through Italy and Milford, and that it is the only interurban that does pass through said towns. 23 C. J. p. 87, § 1877, and cases cited. This assignment is overruled.

[6] Under appellant's seventh proposition, it complains of the action of the trial court in admitting in evidence, over its objection, the evidence of Ed Shelton, as follows:

"I could hear Mrs. Shelton groan in the room from me like she was suffering very seriously at times."

The record discloses that the injury to Mrs. Shelton occurred on February 5, 1923, and resulted from her having to walk on a dark night along appellant's right of way from Dunlap to Center Point, the weather being very cold, the ground covered with sleet, snow, and ice, and that she suffered great fright, fatigue, etc., and was made sick, etc.; at the time she was injured she was enciente; that on May 7, 1923, she miscarried as the result of said injuries while staying at the house of the witness, and on the night

of the miscarriage the witness heard her in an adjoining room groaning as though suffering great pain. This evidence was admissible. A nonexpert witness may testify to expressions of present pain. Jackson v. M., K. & T. Ry. Co. of Texas, 23 Tex. Civ. App. 319, 55 S. W. 376; St. Louis & S. W. Ry. Co. of Texas v. Gill (Tex. Civ. App.) 55 S. W. 386; G., C. & S. F. Ry. Co. v. Bell, 24 Tex. Civ. App. 579, 58 S. W. 614; Arrington v. T. & P. Ry. Co. (Tex. Civ. App.) 70 S. W. 551; I. & G. N. Ry. Co. v. Cain, 35 Tex. Civ. App. 539, 80 S. W. 571; Texas Central Ry. Co. v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21. This assignment is overruled.

In answer to special issue No. 2 the jury found "that the plaintiff, Lillie Shelton, informed the conductor that she wanted off at Center Point, before the car reached Center Point, and in time to stop there; and in answer to issue No. 3 found that "the conductor was guilty of negligence in not stopping the car at Center Point so as to enable plaintiff to alight therefrom"; and in answer to the fourth issue found, "The failure of the conductor to stop the car at Center Point was the proximate cause of the injuries for which the plaintiff herein sues"; and in answer to the fifth issue found, "That the plaintiff exercised ordinary care for her own safety in failing to inform the conductor in charge of the car sooner than she did that she wanted to be let off at Center Point." The evidence is ample to support the above findings, and is not questioned by appellant.

[7] Under other assignments, appellant contends the court erred in correcting his charge by defining certain terms after the charge had been given to the jury and the argument concluded. In response to issue 10, the jury found "that the plaintiff, Mrs. Shelton, immediately after the said southbound car passed Center Point and while said car was in the immediate vicinity of Center Point, requested the conductor to stop said car and back it to Center Point"; and in reply to the eleventh issue, found "that the conductor was guilty of negligence in not backing the car to Center Point, taking into consideration all the existing circumstances at the time"; and in reply to the twelfth issue found "that the failure to back the car was the proximate cause of the injuries." Appellant objected to the court's charge upon the ground, among others, that issue No. 10 was "too indefinite and too general and did not specify what is meant by 'immediately after,' nor what is meant by 'immediate vicinity,' and that the same is therefore unintelligible and confusing." The record discloses that the argument of the case to the jury was to begin at 3 p. m. on Saturday afternoon, at which time only a part of defendant's objections to the charge were presented to the court, and as all parties were anxious to complete the argument that evening, the charge was read and argument proceeded. As the stenographer finished typing the dictated objections, they were presented to the court. After argument was concluded, the jury elected its foreman and was excused until Monday morning. On Monday morning the court observed the objections to the tenth issue were probably good and sought to correct it by defining said terms as requested by appellant. We think it was within the discretion of the court, under the facts of this case, to define said terms at the time he did so; but if it was technical error for him to do so, it was evidently harmless error, for appellant could not have suffered any injury by reason of the definitions given, and under the findings of the jury to special issues Nos. 2, 3, 4, and 5, of which no complaint is made, appellee was entitled to recover regardless of the supposed error here pointed out. We overrule these assignments.

The evidence is sufficient to show that Mrs. Shelton, by reason of her injuries, was caused to be sick and in bed a good part of the time and continued so until she miscarried some three months later; that said injuries were the cause of her miscarriage; and that she suffered much pain, both mental and physical, by reason of her injuries and resultant miscarriage. We cannot say the judgment is excessive.

Finding no reversible error, the judgment of the trial court is affirmed.