## HOUSTON PRESS CO. v. BAWDEN BROS., Inc.

### No. 9752.

Court of Civil Appeals of Texas. Galveston. June 9, 1932.

Fulbright, Crooker & Freeman and Lester Settegast, all of Houston, for appellant.

Alexander T. Sidman, of Houston, for appellee.

GRAVES, J.

These findings of the able trial judge, who heard the cause without a jury and rendered judgment for the full amount sued for by the appellee as plaintiff below, sufficiently reflect not only the nature of the suit but also what, in the opinion of this court, was a correct disposition of the issues presented:

"Findings of Fact.

"1. On October 15, 1929, the defendant, being publisher of a newspaper at Houston, Texas, had in its employ as its Advertising Manager, who was in charge of its advertising activities, one Jeff Barnette, and on said date the defendant, by and through the said Jeff Barnette, entered into a contract in writing with the plaintiff, which read:

"'Bawden Bros., Inc.
"'Advertising that Sells.
"'Davenport, Iowa.

"'Date: 10/15/29

"'The Undersigned hereby subscribes for the Bawden Bros., Inc. (Home Modernizing) Service which consists of 200 booklets, mats of illustrations and copy of special articles for a period of twenty-six weeks starting with the issue of November 15th, 1929, for which the undersigned will pay Bawden Bros., Inc. two hundred eighty two and 00/100 Dollars at the rate of $10.85 per week, to be billed on the first of each month for six months, following the starting of camp. as per contract.

"'It is understood that during the life of this contract the subscriber shall have the exclusive use of this service in the territory specified below, and the subscriber agrees not to use this service after the expiration of this contract nor sell or loan any part of the service.

" 'If any installment remains delinquent for a period of thirty (30) days the entire amount of this contract shall become due and payable at option of Bawden Bros., Inc.

" 'It is understood that all agreements are merged in this contract and that it is not subject to cancellation after acceptance by Bawden Bros., Inc.

"   '[Signed]   Houston Press
"       'By Jeff Barnette, Adv. Mgr.
"           " 'City Houston, State Texas.

" '(Where service is to be used) accepted at Davenport, Iowa. Bawden Bros. Inc.

" 'This Service will be invoiced on delivery and will be subject to 5% cash discount if paid in full 10 days from date of invoice.

" 'If the Buyers find on above date they are unable to put campaign on, they hereby reserve the right to start same on or about Jan. 1, 1930. This service is to be shipped Nov. 10th, 1929, unless otherwise ordered by the buyer.

" 'Additional booklets may be purchased by the above subscriber at the rate of 7½ cents each for Remodeling Booklets in lots of 100 or multiples thereof and 25 cents per book on Homes of Beauty and Comfort.

"           " 'R. W. Fristoe, Salesman.'

"2. That pursuant to said contract such material was shipped ·to the defendant and received by it.

"3. That defendant has not made any of the payments called for in said contract and that the entire amount due thereunder is due and owing to the plaintiff.

"Conclusions of Law.

"1. That Jeff Barnette, by virtue of being the ·Advertising Manager of the defendant newspaper had apparent authority to execute the contract sued on herein and the contract signed by him as Advertising Manager was binding upon the defendant.

"2. That Jeff Barnette by virtue of being the Advertising Manager of the defendant newspaper, occupied the position of General Agent, standing in the same relation in matters pertaining to his Department as does a General Manager to the general affairs of the ·Company.

"3. That the act of Jeff Barnette as Advertising Manager of said defendant newspaper in entering into said contract on behalf of said defendant was the exercise of a power incidental to, and necessary, proper and usual for effectively carrying out, the agency with which he was entrusted by said defendant newspaper.

"4. That plaintiff has fully complied with its contract and because the defendant has failed and refused to comply with its portion of said contract the plaintiff is entitled to recover the entire amount due under said contract, to-wit: the sum of Two Hundred and Eighty-two Dollars ($282.00) with interest thereon at the legal rate from the 15th day of November, A. D. 1929.
"Nat H. Davis, Judge
"County Court at Law of
"Harris County, Texas."

On the appeal, after examining the statement of facts, no dearth of sufficient evidence to support this stated basis for the recovery permitted appears, especially when legitimate inferences are considered.

■ The appellant, that is, the Houston Press Company, a corporation, was sued by its right name, as in answer it admitted, and its plea of non est factum as to the contract declared upon was not made good, the trial court, on sufficient testimony, concluding that it did—through its duly authorized agent— not only execute the contract, but thereafter failed to carry it out; wherefore, the fastening of liability upon it properly followed, irrespective, we think, of any question of whether or not there was specific evidence of apparent authority on Barnette's part; he was undisputedly shown to be the advertising manager of a distinct department maintained by appellant for advertising purposes, in charge of its office as such, and to have signed this instrument in the manner appearing thereon in furtherance of his service to it in that behalf; in consequence, its responsibility was entailed as a matter of law, in accord with the principles announced in the court's quoted legal conclusions 2 and 3. Whipple v. Prudential Ins. Co., 222 N. Y. 39, 118 N. E. 211; Great American Casualty Co. v. Eichelberger (Tex. Civ. App.) 37 S.W.(2d) 1050; Brace v. Northern Pac. ·R. Co., 63 Wash. 417, 115 P. 841, 38 L. R. A. (N. S.) 1135; Manhattan Life Insurance Co. v. Stubbs (Tex. Com. App.) 234 S. W. 1099.

■ Moreover, it was charged that Barnette was the duly authorized agent of appellant to do for it what the contract imported, and, although that matter was one peculiarly within its own knowledge, it ventured to offer no testimony touching it; wherefore, the legal presumption was that he had the authority from it to do what he did do. Equitable Life Assurance Society v. Ellis (Tex. Civ. App.) 137 S. W. 184; Id., 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625.

■ The appellee's pleading in this instance, in substance, that the contract in issue was executed by the appellant through its duly authorized agent, Jeff Barnette, is clearly sufficient, under the holding of the Commission of Appeals in Cox v. Humble Company, 16 S.W.(2d) 285, which the Supreme Court necessarily approved in adopting its judgment, because it was one essential to that rendition. 11 Texas Jurisprudence, § 101; United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550.

■ As concerns the issue of whether or not the Houston Press was a newspaper, clearly, in the circumstances appearing, the trial court, sitting in the center of the community where everybody else must have known it to have been such, could properly take judicial knowledge of the fact that it was; wherefore, this appellate tribunal may do likewise. 23 Corpus Juris, p. 61; 15 Ruling Case Law, pp. 1057, 1058, 1063; Lancaster v. Mebane (Tex. Civ. App.) 260 S. W. 256; Texas Electric Ry. v. Shelton (Tex. Civ. App.) 286 S. W. 526.

■ The omission in the contract here declared upon of the word "Company" from the name of the appellant did not, we think, present an analogous situation to that ruled by the single authority it cites as supporting its contention that this instrument is on that account not shown to have been its undertaking. Southern Pacific Company v. Block, 84 Tex. 21, 19 S. W. 300. In that case a default judgment had been rendered against the Southern Pacific Company, and on appeal to it the Supreme Court held that "Southern Pacific Company" and "Southern Pacific Railway Company" imported on the face of the proceedings distinct entities, and that service upon one of them could not be said to constitute service on the other; there having been neither appearance nor waiver of service by the former, the judgment against it had no support.

That situation seems a far cry from this; here the real defendant appeared in court and contested the suit, and the omission of final word "Company" from its name in no way tended either to indicate a different entity, to work any change in its real name, or to mislead as to what concern was intended. Western Bank and Trust Co. v. Ogden, 42 Tex. Civ. App. 465, 93 S. W. 1102.

■ Furthermore, as indicated, this suit was filed against and the service was had on the Houston Press Company, the appellant, and it filed no plea in abatement directed to the claimed misnomer; it would therefore seem to have waived the point anyway.

Further discussion is deemed unnecessary, as these conclusions determine the merits' of the appeal; the trial court's judgment has been affirmed.

Affirmed.