BAUGH v. BAUGH et al.   (No. 1417.)

(Court of Civil Appeals of Texas. Texarkana. March 4, 1915. On Rehearing, April 10, 1915.)

1. APPEAL AND ERROR �köö544 — QUESTIONS PRESENTED FOR REVIEW—BILLS OF EXCEPTION AND STATEMENT OF FACTS.

Assignments of error to the manner in which the cause was submitted to the jury on special issues cannot be considered, where there are no bills of exception or statement of facts in the record and no showing of fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⊦≈544.]

2. APPEAL AND ERROR ⊦≈544 — QUESTIONS PRESENTED FOR REVIEW—BILLS OF EXCEPTION AND STATEMENT OF FACTS.

In the absence of any bills of exception or statement of facts in the record, the denial of an extension of time for filing bills of exception and statement of facts cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⊦≈544.]

On Rehearing.

3. PROCESS ⊦≈24—CITATION—FILE NUMBER.

The statute, requiring the citation to contain the file number of the case, is satisfied if the number is indorsed on the back thereof, though not in the body, and such citation will support a judgment by default.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 9, 19; Dec. Dig. ⊦≈24.]

4. APPEARANCE ⊦≈24 — EFFECT — WAIVER OF DEFECTS IN PROCESS.

Where a defendant, who filed no answer, appeared at the trial and requested the submission of special issues to the jury, he waived any defect in the citation.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. ⊦≈24.]

5. APPEAL AND ERROR ⊦≈670—RECORD—CORRECTION—AFFIDAVIT.

A record, showing that a defendant who filed no answer requested the submission of special issues, cannot be changed by an affidavit of plaintiff's counsel, stating that those issues were submitted by plaintiff and not by defendant, which was first called to the attention of the Court of Appeals on motion for rehearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2865, 2866; Dec. Dig. ⊦≈670.]

6. JUDGMENT ⊦≈525 — RECITALS — APPEARANCE.

A judgment, which recites that one of the defendants failed to appear and answer, and that after the trial and verdict rendered against that defendant, judgment was entered against him, does not show on its face that that defendant did not appear at the trial, notwithstanding his failure to answer as the record shows he did, since it shows that the judgment against him was not interlocutory on default, but on the verdict of the jury.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 568, 968, 982½; Dec. Dig. ⊦≈525.]

Error from Panola County Court; Geo. Harkrider, Judge.

Action by C. V. Baugh against M. S. Baugh and R. S. Scoggins. Judgment for the plaintiff against the defendant M. S. Baugh and for the defendant Scoggins against the plaintiff, and both plaintiff and defendant M. S. Baugh bring error. Affirmed, and motion of M. S. Baugh for rehearing overruled.

H. N. Nelson, of Carthage, for plaintiffs in error. W. G. Banks and Brooke & Woolworth, all of Carthage, for defendant in error.

HODGES, J.   C. V. Baugh filed this suit against R. S. Scoggins and M. S. Baugh to recover the sum of $220, together with interest and attorney's fees due upon a promissory note. He also sought the foreclosure of a lien on a land note for $300, which had been deposited with him by Scoggins as collateral security for the payment of the note sued on. M. S. Baugh made no answer in the court below. Scoggins answered, admitting the execution of the note, and that he had deposited the land note referred to as collateral security; but he further alleged that subsequent to the execution of the note sued on there had been an agreement between all the parties that M. S. Baugh alone was to be held responsible for the amount due on the note, and that he (Scoggins) was to be released and his vendor's lien note returned to him. In addition to the prayer to be discharged with his costs, he also sought to have a recovery of the note deposited as collateral security. Upon a trial before a jury verdict and judgment were rendered in favor of C. V. Baugh against only M. S. Baugh for the amount of the note sued on, together with interest and attorney's fees. Judgment was also rendered in favor of Scoggins, exonerating him from liability and awarding him a recovery of the note held by C. V. Baugh as collateral security.

[1] Both M. S. Baugh and C. V. Baugh appeal, and separately assign errors to the manner in which the case was submitted to the jury on special issues. There is neither a statement of facts nor any bills of exception in the record, and we are unable to say that the court committed any error. It ap-

---

⊦≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pears from the briefs that practically the only issue about which there was any contest was the agreement set up by Scoggins, in which he claimed a release from any further liability on the $220 note. We cannot say that the manner in which this was submitted by the court was fundamentally wrong.

[2] It is also complained by C. V. Baugh that the court erroneously denied him a further extension of time in which to file his bills of exception and the statement of facts. In the present state of the record that ruling cannot be reviewed.

The judgment of the county court is affirmed.

### On Rehearing.

[3] The plaintiff in error, M. S. Baugh, has filed a motion for a rehearing, in which it is contended that the citation issued in this case and served upon him was defective and insufficient to support a judgment by default. The defect pointed out in the motion, and the same as that relied upon in the original presentation of the appeal, is the absence of the file number of the suit from the body of the citation. An examination of the writ incorporated in the record shows that the place where the file number was intended to appear was left blank. It is also shown that the clerk in issuing the citation had made the usual indorsements of the names of the parties to the suit, together with the file number, on the back of the citation. It has been held by two of the Courts of Civil Appeals, following a previous decision by our Supreme Court, that the failure of the citation to include the file number is a fundamental defect, and that the service of such a writ does not authorize the rendition of a judgment by default. Crenshaw v. Hempel, 130 S. W. 731; Duke v. Spiller, 51 Tex. Civ. App. 237, 111 S. W. 787. In the case first cited above it was also held that the fact that the clerk had indorsed the file number on the back of the citation did not cure the defect. We are not disposed to follow the latter ruling. The statute provides that the citation shall contain the file number of the case. The evident purpose of this requirement is to have the writ which is to notify the defendant that he had been sued and the nature of the plaintiff's demand also furnish the defendant the means of identifying the particular case in which he is required to answer. It is a matter of common knowledge that the clerks of the different courts have, for many years, adopted the practice of indorsing the names of the parties and the file number of the suit on the backs of the citations issued by them. It is equally a matter of common knowledge that lawyers and litigants, in determining the identity of suits, generally, if not in every case, look to the back of the writ in order to ascertain the file number. In view of that established custom, to hold that the writ did not furnish that information when the file number appeared upon the back would be dignifying a technical requirement beyond reason. We rather incline to the view that in such an instance there has been a substantial compliance with the requirements of the statute.

[4] But we are not required to place our disposition of this motion upon that ground. As stated in the original opinion, the record shows that the suit in the court below was by C. V. Baugh against M. S. Baugh and R. S. Scoggins. Each of these defendants had signed a promissory note payable to C. V. Baugh. In his answer Scoggins admitted the execution of the note, but claimed a release by virtue of an agreement to which he, M. S. Baugh, and C. V. Baugh were parties, and in which it is alleged M. S. Baugh assumed the entire obligation of paying the note at maturity and releasing Scoggins. The record shows that on the trial of the case M. S. Baugh requested that the following special issues be submitted to the jury:

(1) Did R. S. Scoggins pay all of the indebtedness of the firm of Baugh & Scoggins?

(2) Did plaintiff agree to look to M. S. Baugh alone for the debt, and release R. S. Scoggins?

Both of these special issues were refused. If M. S. Baugh appeared at the trial, as he had a right to do, notwithstanding his failure to file an answer, and requested the submission of the foregoing special issues, he thereby waived whatever defect there might have been in the citation served upon him.

[5] It is now insisted for the first time that this part of the record is erroneous; that the special issues referred to were not in fact presented and requested by M. S. Baugh, but by the attorney representing C. V. Baugh in the trial below; that the name of M. S. Baugh as the author of these issues was used by mistake by the attorney for C. V. Baugh. As evidence of that fact we are referred to an affidavit to that effect by the attorney representing C. V. Baugh on that occasion, which appears among the papers. This affidavit, however, is not accompanied by any motion or any form of effort to correct the record, and was never before called to our attention. In determining what took place in the court below we must look to the transcript. The record cannot be impeached in this manner. Eaton v. Klein, 174 S. W. 331; W. U. Tel. Co. v. Christensen, 78 S. W. 744, and cases there cited.

[6] Counsel for M. S. Baugh, however, insists that the judgment rendered by the court shows upon its face that M. S. Baugh had made default and was not present in court, and therefore could not have requested the submission of the special issues attributed to him. The material portions of the judgment rendered in this case are as follows:

"On this the 18th day of August, 1914, this cause was called for trial. The plaintiff appeared in person and by attorneys and announced ready. The defendant R. S. Scoggins appeared and announced ready for trial. The defendant M. S. Baugh, though duly cited in the manner and for the length of time required by

law, failed to appear and answer in this behalf. A jury not being waived, but demanded," etc.

Then follow the names of the jurors and the special issues submitted by the court, together with the verdict of the jury. The judgment then proceeds:.

"And it appearing to the court from the verdict of the jury that the defendant R. S. Scoggins is not indebted to the plaintiff C. V. Baugh in any amount on the note sued on herein, and it further appearing to the court that the defendant M. S. Baugh is due the plaintiff C. V. Baugh the full amount of said note, principal and interest and attorney's fees, it is therefore ordered, adjudged, and decreed," etc.

It will thus be seen that the court did not render an interlocutory judgment by default against M. S. Baugh and then proceed to a trial between C. V. Baugh and Scoggins, but he held the entire controversy open till after the jury had rendered a verdict. M. S. Baugh was not therefore precluded from appearing, notwithstanding his failure to file an answer and take some part in the proceedings. He might have cross-examined the witnesses touching the alleged agreement by which he assumed the entire obligation to pay the joint note, or he might have requested the submission of appropriate questions concerning that issue, as the record shows he did. A default upon which a judgment may be rendered is the failure to answer to the merits of the suit. A judgment such as the one rendered in this case does not necessarily mean that the defendant M. S. Baugh was not present at the trial and took no part in the proceedings.

We, therefore, conclude that as the record now stands, the plaintiff in error cannot insist upon a defect in the citation, and the motion is overruled.