St. Louis & San Francisco Railroad Company v. S. T. Hale.

No. 2537. Decided November 6, 1918.

1.—Appearance.

A general appearance is entered whenever the defendant invokes the judgment of the court, in any way, on any question other than that of the court's jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction. (P. 254.)

2.—Same—Motion for Security for Costs.

The filing by defendant of a motion to require plaintiff to give security for costs operates as an appearance and subjects him to the jurisdiction, rendering immaterial the validity or invalidity of the precedent service of citation. (Pp. 254, 255.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Hale, a resident of Oklahoma, sued the railway company, a Missouri corporation, for personal injuries received in Arkansas. Judgment for plaintiff was affirmed on appeal by defendant, who thereupon obtained writ of error.

*W. F. Evans, Andrews, Ball & Streetman, Head, Smith, Hare & Head, McReynolds & Hay,* and *R. F. B. Logan,* for plaintiff in error.—There was no evidence that defendant was in fact operating a railroad or doing business as such in the State of Texas, and inasmuch as the laws of this State prohibit foreign corporations from operating railroads or doing business as such herein, and inasmuch as plaintiff alleged, and the undisputed evidence showed that defendant was a corporation of the State of Missouri, and that plaintiff was a citizen of Oklahoma at the time of the trial and at the time the injuries were inflicted and that the injuries were received in the State of Arkansas, the court erred in assuming jurisdiction over the defendant and of this case. Green v. Chicago, B. & Q. Ry. Co., 205 U. S., 530; Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364; Kendall v. Am. Loom Co., 198 U. S., 487; Conley v. Mathieson Alkali Works, 190 U. S., 406; Goldey v. Morning News, 156 U. S., 518.

Even if it be found that appellant was doing business at some place within the State of Texas, the courts of Grayson County did not have jurisdiction of this case; it appearing from the pleading and evidence that appellant railroad neither extended into nor was operated in said county, and that it did not have therein an agency or representative. Rev. Stats. of Texas, art. 1194, subd. 23-25; Bay City Iron Works v. Reeves, 43 Texas Civ. App., 254, 95 S. W., 739; Western C. P. & O. Co. v. Anderson, 97 Texas, 432; Mangum v. Lane City Rice Mill. Co., 95 S. W., 605; Doster v. Railway Co., 107 S. W., 579; Coca-Cola Co. v. Allison, 113 S. W., 308; Mexican Cent. Ry. Co. v. Pinckney, 149 U. S., 194; Frick Co. v. Wright, 23 Texas Civ. App., 340, 55 S. W., 608, 610.

The filing of a motion for a cost bond by attorneys representing a foreign corporation is not such an appearance in the case as would authorize the rendition of a judgment and does not constitute a voluntary appearance in the case in a suit arising out of a cause of action accruing in another State or jurisdiction. American Surety Co. v. Stebbins L.-S. Co., 180 S. W., 101; Texas & P. Ry. Co. v. Childs, 40 S. W., 41; Collier v. Morgan's L. & T. Ry. Co., 41 La. Ann., 37, 5 So., 537; St. Louis, Arkansas & Texas Ry. Co. v. Whitley, 77 Texas, 126.

In a suit against a foreign corporation in a State court the filing of a motion to quash citation in a suit brought by a non-resident on a cause of action arising in another State is not such an appearance in said suit as gives the State court jurisdiction over the defendant therein, even though the defendant in said cause in filing said motion to quash citation did not limit its appearance for that purpose only. Western Cottage Piano & Organ Co. v. Anderson, 97 Texas, 432; Pecos & Northern Ry. Co. v. Cox, 157 S. W., 747; Green v. Chicago, B. & Q. Ry. Co., 205 U. S., 530 (51 Law. Ed., 916); Wabash Western Ry. Co. v. Brown, 164 U. S., 271 (41 Law. Ed., 431); Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364 (51 Law. Ed., 841); Goldey v. Morning News, 156 U. S., 518 (39 Law. Ed., 517); Conley v. Mathieson Alkali Works, 190 U. S., 405 (47 Law. Ed., 1113); Cady v. Associated Colonies, 119 Fed.,

420; Louden Machinery Co. v. American Malleable Iron Co., 127 Fed., 1008; Waters v. Central Trust Co., 126 Fed., 471; Cain v. Com. Pub. Co. (U. S.), 58 Law. Ed., 534.

*Randell & Randell* and *B. L. Jones,* for defendant in error.—Plaintiff's cause of action being a transitory one, the District Court of Grayson County had jurisdiction to hear and determine this cause, because: First, appellant had a local agent residing and representing it in Grayson County upon whom citation was duly served; second, said appellant was operating a railroad and doing business in Grayson County. Rev. Stats., art. 1174, subd. 23, 25; St. Louis & S. F. R. R. v. Arms, 136 S. W., 1167; St. Louis & S. F. R. R. Co. v. Kiser, 136 S. W., 854; Buie v. Chicago, R. I. & P. Ry. Co., 95 Texas, 51; St. Louis & S. F. R. R. Co. v. Sizemore, 116 S. W., 403; So. Pac. Co. v. Godfrey, 107 S. W., 1135; So. Pac. Co. v. Allen, 106 S. W., 441; So. Pac. Co. v. Craner, 101 S. W., 534; Missouri, K. & T. Ry. Co. v. Goodrich, 229 U. S., 607.

In a suit against a foreign corporation in a State court in which defendant contended that there had been no proper service of citation, but in which suit such corporation, by and through its authorized attorneys, filed a motion to require the plaintiff to give bond for costs two days prior to the filing of its motion to quash said citation, it was not error for the trial court to overrule such motion to quash, such action constituted a voluntary appearance in said cause, and it was immaterial whether there had been any service of citation or not. Art. 1881, Vernon's Sayles' Statutes; Seley v. Parker, 45 S. W., 1026; Railway Co. v. Ward, 124 S. W., 130; Degetau v. Mayer, 145 S. W., 1054; Farrar v. United States, 3 Pet., 459, 7 L. Ed., 741; Buckingham v. McLean, 13 How., 153, 14 L. Ed., 9; 3 Cyc., 508; Healy v. Aultman, 6 Neb., 349; Raymond v. Strine (Neb.), 15 N. W., 350.

In a suit against a foreign corporation in a State court, in which defendant, without restricting its appearance for the purpose of contesting the jurisdiction of the court, appeared and filed its motion to quash said citation, which motion was by the court overruled, and said defendant, on the following day, filed its answer to the merits of the case without making known to the court in any manner that there was no purpose on its part to submit its person to the jurisdiction of the court at that term; and in which suit said defendant, seven days after filing its said answer, announced ready for trial and appeared and defended said suit, said defendant waived its right to have said case passed to the next term of court, and there was no error in the court's proceeding to try said case on the announcement of ready by defendant, at the term in which defendant's said motion to quash citation was overruled. York v. State, 73 Texas, 651, 37 U. S., 15, 34 L. Ed., 604; Kauffman v. Wootters, 138 U. S., 285, 134 L. Ed., 962; Missouri, K. & T. Ry. Co. v. Goodrich, 229 U. S., 607, 57 L. Ed., 1349; Logan v. Patrick, 5 Cranch, 288, 3 L. Ed., 103.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This writ of error was granted because it appeared to the court that there probably was no proper service of citation on plaintiff in error.

Two days before the plaintiff in error, a foreign railroad corporation, moved to quash the service of citation, it filed the following motion:

"S. T. Hale

vs.

St. L. & S. F. R. R. Co.

In 15th District Court, Grayson County.

Now comes the defendant and moves the court for an order requiring plaintiff to give security for costs.

Head, Smith, Hare & Head,
Attorneys for Defendant."

In our opinion, this motion operated as a voluntary appearance by plaintiff in error and waived any defect in the service.

The motion to require the plaintiff to give security for the costs obviously implied that the defendant had an interest in the adjudication to be made with respect to such costs. That interest could arise, in the absence of valid service of citation, only from the defendant's voluntary appearance: for the court would otherwise have lacked jurisdiction to adjudge costs to or against defendant. Hardy v. Beaty, 84 Texas, 569; York v. Texas, 137 U. S., 21. Having come into the case for a purpose entirely inconsistent with lack of jurisdiction by the court over it, the defendant, in effect, confessed that jurisdiction and can not be allowed to thereafter deny same. Alderson v. White, 32 Wis., 312.

It seems to be almost uniformly held that a general appearance is entered whenever the defendant invokes the judgment of the court, in any way, on any question other than that of the court's jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction. 4 Corpus Juris, p. 1339; 2 Enc. Pl. & Pr., 637; Rogers v. Penobscot Mining Co., 28 S. Dak., 72, Ann. Cas. 1914A, 1187, 1190n; Lumber Co. v. Lance, 50 W. Va., 643; Foohs v. Bilby (Ark.), 129 S. W., 1106; Healy v. Aultman, 6 Neb., 351. It is so held by the Supreme Court of the United States. Laing v. Rigney, 160 U. S., 544; Merchants Heat & L. Co. v. Clow, 204 U. S., 289.

The above rule has not only been announced and enforced in this State (Mortgage Co. v. Briggs, 41 S. W., 1039; St. Louis & S. F. Ry. Co. v. Kiser, 136 S. W., 854; Baugh v. Baugh, 175 S. W., 726), but our statute has been upheld which makes an appearance to the succeeding term follow even a motion, well taken, to quash a citation or its service. And the reason for upholding the statute is quite conclusive of the instant question, that reason being that "it is not the fact that the motion to quash a citation or service is sustained which operates as an appearance, but it is the fact that a defendant appears and asks an adjudication, which makes the appearance." York v. State, 73 Texas,

656.   The defendant having appeared, and not having assailed, but having invoked, the court's jurisdiction, became subject thereto, and the validity or invalidity of the precedent service of citation was entirely immaterial.

We have examined the other assignments but find no reversible error, and the judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*