Charles and Mae **TISDALE,**
**Plantiffs–Appellants,**

v.

**GEORGIA–PACIFIC CORP.,**
**Defendant–Appellee.**

No. 87–6175.

United States Court of Appeals,
Fifth Circuit.

Sept. 14, 1988.

David W. Holman, Richard Lagarde, Houston, Tex., for plaintiffs-appellants.

Evelyn Wilson, Randall W. Wilson, Houston, Tex., for defendant-appellee.

Before WISDOM, GEE and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellants Charles and Mae Tisdale appeal the district court's grant of summary judgment in favor of Appellee Georgia–Pacific Corp. on statute of limitations grounds. Finding material issues of fact pertinent to limitations, we reverse the summary judgment and remand the case to the district court.

## BACKGROUND

The Tisdales originally filed suit in Texas state court on November 15, 1982 against Greenbriar Acres, from whom they had purchased their home, alleging that they had suffered medical problems from the formaldehyde content of the building materials. They filed an amended petition on May 6, 1983 adding Georgia–Pacific as a defendant, but the petition was defective and no citation was issued against Georgia–Pacific. Greenbriar, however, filed a third-party action against Georgia–Pacific on June 1, 1983, and Georgia–Pacific defended itself actively in the litigation, although it never answered as a defendant to the Tisdale complaint. On April 16, 1987, as trial was approaching, the Tisdales filed a second amended petition, to which Georgia–Pacific formally responded. Greenbriar was soon after nonsuited from the litigation because of a settlement with the Tisdales, and, since complete diversity now existed, Georgia–Pacific thereupon removed the case to federal court.

The district court granted summary judgment on Georgia–Pacific's contention that the statute of limitations barred the Tisdales' claim against it. The rationale for the district court's conclusion is not without logic under Texas law. The claim accrued, at the latest, toward the end of 1982. Regardless of whether the Texas 2–year or 4–year limitations period applies, Tex.Civ.Prac. & Rem.Code §§ 16.003, 16.004 (Vernon 1986), Georgia–Pacific was not served with citation by the Tisdales and made no formal appearance as a defendant to their action until mid–1987. More than five years thus elapsed until they were "sued." A plaintiff in Texas state court must not only file his suit within the statute of limitations, but he must demonstrate a bona fide intention to have process issued and must exercise due diligence to see that it is done. A mere filing of a petition, in other words, does not toll the statute of limitations. See, e.g., *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1112 (5th Cir.1981); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889 (Tex.1975); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180 (Tex.1970).

The court found here that when the Tisdales filed their first amended petition in 1983, impleading Georgia–Pacific as a defendant, not only did its caption contain the wrong cause and court numbers, but the plaintiffs failed to request service of citation on Georgia–Pacific. The court thus inferentially concluded that the Tisdales did not diligently prosecute their action against Georgia–Pacific. Support for its conclusion was gleaned from *J.G. Boyd's Good Housekeeping Shops, Inc. v. General Securities Service, Inc.*, 483 S.W.2d 826, 828 (Tex.Civ.App.—Waco 1972, no writ), holding that the filing of a third-party com-

plaint by a defendant does "not toll the running of the statute of limitations on a cause of action between plaintiffs and the third-party defendant." Finally, the district court found that Georgia–Pacific had not entered a general appearance as a defendant in the Tisdales' action, because all of its defensive pleadings and actions were validly undertaken as a third-party defendant in the lawsuit. Tex.R.Civ.P. 38.[1]

We fully agree that as a third-party defendant, Georgia–Pacific had the right to defend itself without *ipso facto* waiving the statute of limitations on any claim eventually asserted by a plaintiff. This obviously sensible proposition is made plain by *J.G. Boyd's, supra.* The Tisdales do not argue to the contrary. They contend, rather, that material fact issues exist regarding their diligence in prosecuting the lawsuit and whether Georgia–Pacific, by its conduct made a general appearance as a defendant vis-a-vis their lawsuit, thus precluding the issuance of summary judgment.

We must therefore advert to the summary judgment evidence in the district court's record. Opposing the appellee's motion for summary judgment, the Tisdales furnished a letter written by counsel for Georgia–Pacific to Greenbriar Acres' counsel on August 29, 1983, two months after plaintiffs had amended their petition to include Georgia–Pacific as a defendant. Counsel for Georgia–Pacific requested copies of pleadings that had been filed in the case and specifically inquired what other defendants and counsel were in the case. From that time forward through the middle of 1987, Georgia–Pacific routinely identified itself as a "defendant" in the pending litigation when it filed pleadings of many kinds. The company also routinely captioned the case as "*Charles Tisdale, et ux., Plaintiffs v. Greenbriar Acres, Inc., et al., Defendants*" or "... *Greenbriar Acres, Inc.,* Defendants" (emphasis added). Georgia–Pacific's in-house counsel verified interrogatory answers filed by his company on more than one occasion and as late as November 1986, and each time represented himself as attorney for "defendant in the above-entitled action." Tex.R.Civ.P. 168. Indeed, after filing its answer to the third-party petition of Greenbriar Acres, Georgia–Pacific appears never to have identified itself as a "third-party defendant" in its court filings, using instead the simple, and perhaps simply misleading, designation of "defendant." These facts, unmentioned in the district court's opinion, seem highly pertinent to the disposition of the parties' contentions.

Texas law shows why this is so. While it is true a Texas plaintiff must use due diligence to serve process upon a defendant, the purpose of this rule is to protect defendants from the entry of judgments in cases of which they were unaware:

> The statute of limitations ... was not created to provide a log behind which opportunistic defendants could smugly lay for two years and then emerge solemnly proclaiming their statutory rights under the provisions of Article 5526, when facts show that such defendants were fully aware that the plaintiffs were legally mistaken as to their true identity.

*Castro v. Harris County,* 663 S.W.2d 502, 505 (Tex.App.—Houston [1st Dist.] 1983, no writ). In *Castro,* the court consequently determined that a statute of limitations defense would not be upheld where, through inadvertence, the plaintiff did not procure citation on the proper party, but the intended defendant had notice and reasonable opportunity to defend and was defending the action in question. Georgia–Pacific has, of course, never contended that it was disadvantaged in its trial preparation by not having been formally joined as a defendant to the Tisdales' suit.

In a similar vein, it has been held that the plaintiff's obligation to use diligence to procure service is that which "an ordinarily prudent person would have used in the same or similar circumstances." *Beavers*

1. Under Rule 38, the "plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses and his counterclaims and cross-claims."

*v. Darling*, 491 S.W.2d 711, 714 (Tex.Civ. App.—Waco 1973, no writ) (citing cases). Moreover, this issue is ordinarily one of fact to be determined by the jury. *Hitt v. Bell*, 141 S.W.2d 726, 728 (Tex.Civ.App.—Austin 1940, no writ). *Beavers* reversed and remanded for trial the issue whether a plaintiff had used reasonable diligence to serve citation when he attempted, five times in five years, to serve a defendant whose status after a contested automobile accident had changed from minority to adulthood, from being single to married to divorced, and who changed both her place of employment and residence without leaving any forwarding addresses. From these and similar Texas cases,[2] we cannot agree that the trial court properly found as a matter of law that the Tisdales failed to exercise due diligence to obtain service on Georgia–Pacific as a defendant. Georgia–Pacific's conduct might easily lead a jury to believe that it was lulling the Tisdales into the false sense that they had served Georgia–Pacific or that it had entered a general appearance. The jury could then decide that the Tisdales exercised reasonable diligence under the circumstances.

There is also a genuine, material issue whether Georgia–Pacific entered a general appearance as a defendant against the Tisdales. The service of citation is immaterial if a defendant has so appeared. *St. Louis and S.F.R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918); *Holland Page, Inc. v. Capitol Truck and Trailer Co., Inc.*, 518 S.W.2d 441, 444 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.). In *Holland Page*, for instance, a defendant who was impleaded by cross-action but never formally served with citation nevertheless appeared and defended himself at trial. The appellate court rejected his defense based on lack of citation, finding that a general appearance had subjected him to the trial court's jurisdiction. This case is not pre-cisely analogous to *Holland Page* because Georgia–Pacific had the right to participate in the action as a third-party defendant. For the same reason, this case is not precisely like those holding that a defendant enters a general appearance whenever it invokes the judgment of the court in any way on any question other than that of the court's jurisdiction. *St. Louis & S.F.R. Co.*, 206 S.W. 75; *Smith v. Amarillo Hospital District*, 672 S.W.2d 615 (Tex.App.—Amarillo 1984, no writ); *Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834, 836 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); 2 R. McDonald, Tex.Civ.Prac. § 9.04.C (1982). Nevertheless, Georgia–Pacific's counsel more than once specifically identified his client as "defendant" in his verification of the company's answers to the Tisdales' interrogatories and the company repeatedly and routinely identified itself as "defendant" in its pleadings, when the more usual Texas practice would be to draw attention to one's specific position as a third-party defendant. These clear and numerous references could be determined by a jury not to have been accidental and, if so, they constituted Georgia–Pacific as an actual defendant to the Tisdales' cause of action.[3]

This case is readily distinguishable on its facts from *J.G. Boyd's, supra*, relied upon by Georgia–Pacific and the trial court. In that case, the plaintiff did not even attempt to file suit against the third-party defendant until judgment had been rendered in favor of the original defendant and limitations had run against the third party. The third party had no way of knowing, during the period of limitations, that he would become a target of the plaintiff's action. Likewise, the plaintiff demonstrated no diligence in waiting until its main action concluded to file suit against the third-party defendant. Exactly the reverse situation

---

2. See *Ellis v. Great Southwestern Corp.*, 646 F.2d at 1112–13 (5th Cir.1981); *Hamilton v. Goodson*, 578 S.W.2d 448, 449 (Tex.App.—Houston [1st Dist.] 1979, no writ).

3. Georgia–Pacific is asserting mutually contradictory positions here. It contends that the Tisdales, as a matter of law, did not use due dil-igence to serve citation on them, even though it repeatedly identified itself as a "defendant" in numerous pleadings. On the other hand, Georgia–Pacific would contend that its use of the nomenclature "defendant" has no bearing on the question of whether it entered a general appearance.