TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00660-CV






Redwood Group, L.L.C., Appellant




v.




Robert Louiseau, Special Deputy Receiver for American Benefit Plans, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. GN200884, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







O P I N I O N




 Redwood Group, L.L.C. ("Redwood") brings a restricted appeal from a no-answer
default judgment recovered by Robert Louiseau ("Receiver") in his capacity as special deputy
receiver for some twenty-one individuals and artificial legal entities involved in the business of
insurance. See Tex. R. App. P. 30. The judgment directs that the Receiver recover from Redwood
and two co-defendants, jointly and severally, the sum of $1,951,789.35, together with post-judgment interest, attorney's fees, costs, and permanent injunctive relief in several particulars. We
will reverse the judgment and remand the cause to the district court.


THE CONTROVERSY


 The Receiver's original petition, upon which the judgment rests, designates three
defendants: Redwood, TRG Marketing, L.L.C., and TRG Administration, L.L.C.; and, alleges
against them various wrongful acts under the collective nouns "TRG" and "Defendants." The
petition avers, in addition, that each of the defendants is "a foreign corporation with its principal
place of business in Indiana . . . with extensive business contacts with Texas including the regular
and repeated sale of its products to Texas companies and/or individuals," all without "authority." 
The word "authority" apparently means without official authority from the State of Texas.

 Within the range of issues possible to be raised in a restricted appeal, we are
concerned here with only one: whether there exists reversible error apparent from the face of the
record. See Tex. R. App. P. 26.1(c), 30. The "face of the record" consists of all papers on file in the
appeal. Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).

 As we understand Redwood's brief on appeal, it contends that reversible error appears
from the face of the record in that it omits to show affirmatively that the district court acquired
personal jurisdiction over Redwood by reason of a valid service and return of citations. We will
sustain the point.


DISCUSSION AND HOLDINGS


 No presumptions are made in favor of a proper issuance, service, and return of
citation; and, if a proper service of citation is not affirmatively shown by the record there exists
reversible error. A proper service requires strict compliance with the applicable statutes and rules
of civil procedure. When a statutory method of constructive service on a nonresident is invoked in
support of a default judgment, it must be supported by allegations in the petition of all facts
necessary to support that method of service. Unless these requirements are met, the trial court
acquires no personal jurisdiction over the defendant. See Primate Constr., Inc. v. Silver, 884 S.W.2d
151, 152-53 (Tex. 1994); Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); Uvalde Country Club
v. Martin Linen Supply Co., Inc., 690 S.W.2d 884, 885 (Tex. 1985); McKanna v. Edgar, 388 S.W.2d
927, 929-30 (Tex. 1965).


DISCUSSION AND HOLDINGS


 We will discuss the issues under three headings suggested by the parties' arguments
on appeal.


Missing Citations.

 The record contains a copy of a Nevada process server's verified return. It recites that
on March 18, 2002, he received for service a citation and a copy of the Receiver's original petition
which the process server executed later the same day at an address in Las Vegas, Nevada, "by
delivering [the documents] to: Redwood Group, Llc [sic] By Delivering To Its Registered Agent,
Incorp. Services, Inc., by serving Debbie White, Secretary, Authorized To Accept."

 The record also contains a copy of an Indiana process server's verified return. It
recites that on March 18, 2002, he received a citation and a copy of the Receiver's original petition
which the process server executed the same day by delivering the documents to Redwood's "Chief 
Operating Officer, Chris Rhodes, at 37 S. Park Blvd., Greenwood, IN 46143."

 Copies of the citations referred to in the two foregoing returns do not appear in the
record. Each of the two returns is accompanied instead by an affidavit made by a Texas process
server. Each affidavit declares that the Texas process server received on specified dates the citation
and original petition referred to in the respective returns. Each affidavit then continues as follows:


I am over the age of eighteen, not a party to nor interested in the outcome of the
above [described] suit[.] I have been authorized by written order of the court to serve
citations and other notices. The Original Citation has been lost in the mail or was
inadvertently served. Please use this affidavit along with the attached officer's return
of service or officer's Declaration of not found to confirm that service has been
perfected or that service was unable to to [sic] perfected for the following reason
listed on the declaration of not found attached.



No "declaration of not found" is attached to either affidavit. Notwithstanding the confusion inherent
in the last sentence of the foregoing quotation, it appears that the affiant--the Texas process
server--requests that each of the two affidavits be used with the pertinent return "to confirm that
service" was perfected or that it failed of perfection because the person to whom citation was
directed could not be found.

 While a return is prima facie evidence of the facts recited therein, Primate
Construction, Inc., 884 S.W.2d at 152, this does not mean that the return is prima facie evidence of
anything about which it is silent. For example, the two returns in question here contain nothing
about the contents of the two lost citations; we cannot presume they conformed to the requirements
of the rule of civil procedure specifying the contents of a valid citation. See Tex. R. Civ. P. 99. We
hold accordingly.


Service through the Secretary of State.

 It appears from the record that the Receiver attempted service of citation through the
Secretary of State of Texas as a means of obtaining personal jurisdiction over Redwood. A copy of
this citation appears in the record together with a verified return made by a Texas process server. 
The return records that the citation and a copy of the Receiver's original petition were received by
the process server on March 15, 2002, and executed on March 18, 2002, by delivery of the
documents to the Secretary of State.

 The parties suggest that service through the Secretary of State was authorized by the
following statutory provisions:


Whenever a . . . foreign limited liability company shall fail to appoint or maintain a
registered agent in this State . . . then the Secretary of State shall be an agent of such
. . . foreign limited liability company upon whom any such process . . . may be
served. . . . In the event any such process . . . is served on the Secretary of State, the
Secretary of State shall immediately cause one of the copies thereof to be forwarded
by registered mail, addressed to the . . . foreign limited liability company at its
registered office.



Tex. Rev. Civ. Stat. Ann. arts. 1528n, 2.08B (West 2003).



The secretary of state is an agent for service of process . . . on a nonresident who is
required by statute to designate or maintain a resident agent or engages in business
in this state, but has not designated or maintained a resident agent for service of
process.



Tex. Civ. Prac. & Rem. Code Ann. § 17.044(a)(1) (West 1997).



The secretary of state is an agent for service of process on a nonresident who engages
in business in this state, but does not maintain a regular place of business in this state
or a designated agent for service of process, in any proceeding that arises out of the
business done in this state and to which the nonresident is a party.



Id. § 17.044(b) (West 1997).



(a) If the secretary of state is served with duplicate copies of process for a
nonresident, the documents shall contain a statement of the name and address
of the nonresident's home or home office and the secretary of state shall
immediately mail a copy of the process to the nonresident at the address
provided.


* * *



(d) The process or notice must be sent by registered mail or by certified mail, return
receipt requested.



Id. § 17.045(a), (d) (West Supp. 2003).

 Assuming Redwood was amendable to service of process under the foregoing
statutory provisions, it is essential that the record show affirmatively that the Secretary of State
forwarded a copy of the citation and attached original petition to Redwood after receiving the
documents; so much is expressly required by the statutes themselves. The record is silent on the
question of whether the Secretary of State forwarded the documents as required. In addition, the
Receiver's original petition does not allege the essential jurisdictional fact that Redwood failed to
appoint or maintain a registered agent in Texas. See McKanna, 388 S.W.2d at 929-30.

 We hold in consequence that the record does not show that the trial court acquired
personal jurisdiction over Redwood by delivery of the pertinent documents to the Secretary of State.


Constructive General Appearance.

 The Receiver contends the record shows affirmatively that Redwood appeared
generally in the cause by implication, rendering service of process upon Redwood unnecessary. 
Redwood's general appearance resulted, according to the Receiver, from a district court order
extending a temporary restraining order apparently obtained by the Receiver when he initiated the
lawsuit. The trial judge signed the order extending the temporary restraining order on March 15,
2002, the same day the Receiver filed his original petition.

 As a basis for the extension of the temporary restraining order, the order recites over
the trial judge's signature that the extension was based on "good cause," to wit: the parties had
"agreed to extend the TRO [sic] for at least fourteen (14) days," as indicated by a Rule 11 agreement 
attached to the extension order as an "exhibit." (1) The attached "exhibit" is a copy of a letter dated,
curiously, March 27, 2002, or twelve days after the trial judge signed on March 15, 2002, the order
extending the temporary restraining order. In any case, the letter is from the Receiver's attorney to
Redwood's attorney and recites as follows:


This letter is an agreement under Rule 11 under the Texas Rules of Civil Procedure
concerning the matters set forth below:


(1) The parties agree to extend the terms of the Temporary Restraining Order in this
action for at least fourteen (14) days and an executed copy of this Rule 11
Agreement may be tendered to the Court at the time . . . the request for an
extension is made;


(2) You will present your clients for depositions at their offices on March 29, 2002,
beginning at 9:00 a.m.;

(3) The parties agree that by entering into this Rule 11 Agreement, the Defendants
do not waive their rights, if any, to assert a Special Appearance under Rule 120a
of the Texas Rules of Civil Procedure, or any other right to challenge the
jurisdiction of the Texas state district court of this action.


In order to comply with Rule 11, this letter needs to be signed by counsel for all
parties. Provided the terms conform to your understanding of our agreement, please
sign in the space in the bottom left hand corner. Please fax me a copy of the signed
letter.


* * *



 /s/ Christopher Fuller


I, John Markham, attorney for TRG Marketing, LLC, TRG Administration, LLC, and
the Redwood Group, Inc., agree on behalf of my clients to the terms of this letter.


/s/ John Markham



 The general rule in cases like the present is this:



[A] general appearance is entered whenever the defendant invokes the judgment of
the court in any way on any question other than that of the court's jurisdiction,
without being compelled to do so by previous rulings of the court sustaining the
jurisdiction.



St. Louis & San Francisco R.R. Co. v. Hale, 109 Tex. 251, 254, 206 S.W. 75, 75 (1918) (emphasis
added). More recently, it was said that a defendant enters a general appearance; (1) when it invokes
the judgment of the court on any question other than the court's jurisdiction; (2) if its act recognizes
that an action is properly pending; or (3) it seeks affirmative action from the court. Therefore, not
all acts relating to a cause constitute a general appearance; and, when the defendant neither
acknowledges the trial court's jurisdiction over his person nor seeks court action other than a
dismissal for want of jurisdiction, he has not constructively appeared in the cause. See Dawson-Austin v. Austin, 968 S.W.2d 319, 322-23 (Tex. 1998). As the verbs, invoke, recognize, and seek
suggest, the emphasis is properly upon some affirmative action by the defendant which impliedly
recognizes the trial court's personal jurisdiction over the defendant. See Smith v. Amarillo Hosp.
Dist., 672 S.W.2d 615, 617 (Tex. App.--Amarillo 1984, no writ).

 In the present case, the record does not reveal that the attorneys' Rule 11 agreement
was ever filed in the cause in the ordinary sense implied by Rule 11, that is to say, as an independent
paper in the cause; the agreement bears no file mark. See Tex. R. Civ. P. 11. Rather, the agreement
appears in the record only as an "exhibit" to the trial court's order extending the temporary
restraining order. While it was thus in a constructive sense "filed" by someone, the record does not
indicate that Redwood or its attorney did so. And while the Rule 11 agreement made possible a
court action based thereon, the agreement itself invoked nothing. It was no more than a private
agreement between the attorneys until "tendered to the Court" for an extension and it sought nothing
unless and until it was so tendered. Who made the tender is not, as we have said, revealed by the
record. May it be said that the agreement affirmatively recognized the court's personal jurisdiction
over Redwood? We believe not. Paragraph 3 of the letter agreement expressly preserved
Redwood's right to challenge the district court's jurisdiction by a special appearance under Rule
120a or by any other means. We hold the record does not show a constructive general appearance
by Redwood. See Angelou v. African Overseas Union, 33 S.W.3d 269, 276 (Tex. App.--Houston
[14th Dist.] 2000, no pet.). The decision in Exito Electronics, Co., Ltd. v. Trejo, 99 S.W.3d 360,
368-71 (Tex. App.--Corpus Christi 2003, pet. filed), is not to the contrary. There, the court
specifically declined to address the issue of a constructive appearance arising from a Rule 11
agreement that was, as here, expressly conditioned upon a determination of the personal-jurisdiction
issue, in that instance in connection with a special appearance to challenge jurisdiction. See Tex.
R. Civ. P. 120; Exito Electron. Co., Ltd., 99 S.W.3d at 369, n.5.

 For the reasons given, we reverse the judgment below for reversible error apparent
on the face of the record and remand the cause to the district court. Redwood shall be presumed to
have entered its appearance to the term of the court at which our mandate shall be filed. See Tex.
R. Civ. P. 123.



 

 John E. Powers, Justice

Before Chief Justice Law, Justice Puryear and Powers*

Reversed and Remanded

Filed: August 14, 2003







* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Rule 11 provides generally that agreements between attorneys are not enforceable unless
in a writing signed and filed with the papers in the cause as part of the record, or unless made in open
court and entered of record. See Tex. R. Civ. P. 11.